DUBINSKY BROTHERS, INC., a Corporation, d/b/a Esquire Theatre, (Plaintiff) Respondent,

v.

INDUSTRIAL COMMISSION of Missouri, by and Through its Members June R. ROSE, R. W. Atkeson, and Charles E. Cates, Division of Employment Security of Missouri, by and Through its Director, Gordon P. Weir, Kenneth G. Siemers, (Defendants) Appellants.

No. 31147.

St. Louis Court of Appeals.

Missouri.

Feb. 19, 1963.

Motion for Rehearing or for Transfer to Supreme Court Denied March 22, 1963.

George Schwartz, Jefferson City, for Division of Employment Security. Lloyd G. Poole, Jefferson City, for Industrial Commission of Missouri.

Elmer A. Strom, Stephan E. Strom, and Strom & Strom, Cape Girardeau, Mo., for respondent.

ANDERSON, Presiding Judge.

This is an action in two counts for judicial review of two decisions of the Industrial Commission of Missouri, on two claims filed by Kenneth G. Siemers for benefits under the Missouri Employment Security Law. The action was brought by Dubinsky Brothers, Inc., d/b/a Esquire Theatre, the employing unit. The defendants were the Industrial Commission of Missouri, the Division of Employment Security of Missouri, and Kenneth G. Siemers, claimant. The judgment appealed from reversed the decisions of the Industrial Commission which was in favor of claimant on both claims, and held that claimant was not entitled to the benefits claimed. There was a finding by the court that the decision of the Industrial Commission was not supported by competent and substantial evidence; was against the weight of the evidence and the law; that on the whole record the Industrial Commission could not reasonably have made its findings in favor of claimant. By said judgment it was also ordered that plaintiff have restitution if payments had been made under the decision of the Industrial Commission. Costs were assessed against defendants. From this judgment an appeal was taken by the Division of Employment Security and the Industrial Commission. Claimant did not appeal.

The claim which is the subject matter of Count I of the petition was filed February 2, 1959. Thereafter claimant sought benefits for the week ending March 21, 1959. The Deputy held that claimant was eligible for said benefits, and the Appeals Tribunal affirmed the Deputy's decision. Respondent then applied to the Commission for a review, which application was denied. Said denial had the effect of affirming the Appeals Tribunal's decision.

Respondent owns and operates the Esquire Theatre in Cape Girardeau, Missouri. Two projectionists were regularly employed at the theatre, each to work seven shifts per week. There were two shifts each day,

one running from 1 P. M. to 6 P. M. and the other from 6 P. M. to 11 P. M. Paul L. Johnson and Richard Spalding were hired as regular projectionists at the theatre. Johnson was first employed in 1947 and thereafter worked seven shifts per week until he obtained additional work in 1956. At that time there was a contract between respondent and Local 700 of the International Alliance of Theatrical State Employes and Moving Picture Operators of The United States and Canada, which contract governed wages, hours and other conditions of employment of the motion picture operators at respondent's theatre. Johnson, Spalding and claimant were members of Local 700. Under the union contract respondent agreed to employ only operators supplied by the Union, and the Union on its part agreed to furnish competent men as required by respondent. Under this agreement respondent did not have the right to select employees other than those supplied by the Union without the consent of the Union. This appears to have been in accordance with the usual procedure as, for instance, in the event an operator should become ill. In 1956 at the time Johnson secured additional work the business agent of the Union, at Johnson's request, arranged for claimant to take over two of Johnson's shifts. Mr. Foster, respondent's manager, testified that he was asked over the telephone, if it would be agreeable to him for Siemers to work those two shifts. Under the Union rules Johnson had the right, due to his seniority, to take back the two shifts at any time he desired. Claimant worked these two shifts each week from July 1956 to December 1958. In September 1958, the respondent notified the Union that it was going to discontinue two of the matinees. This was discussed at a Union meeting and it was there decided that Johnson and Spalding would each work four and a half of the remaining nine shifts, and that claimant would discontinue his part-time employment. Foster testified that claimant did not explain why he was leaving, but that he was told by Johnson and Spalding that they would take full responsibility for operating all the shifts at the theatre except in case of emergencies or during vacation periods. There was no severance payment made to claimant, nor any notice by respondent of its desire to dispense with claimant's services as required by the terms of the Union contract in the event of termination of employment of union members by respondent. Claimant gave the following testimony:

"Q. And the business agent of your union does the negotiating with the employers?

"A. Yes.

"Q. And does it on behalf of the Union members?

"A. Yes, him or some of the employees usually.

"Q. I mean whatever the business agent does or says, he is doing it as your agent?

"A. Yes."

During the weeks for which claimant sought benefits he sought full-time work. He obtained part-time work and reported his earnings therefrom to the Division.

The administrative proceedings, insofar as they relate to Count II, were as follows:

Claimant renewed his claim for benefits under the Missouri Employment Security Law and thereafter claimed benefits for one week, viz.: the week ending July 11, 1959. He reported he had earnings in that week amounting to $31.35. The Deputy held that he was eligible for benefits subject to adjustment on account of said earnings. Respondent appealed, a hearing was had, and the Appeals Tribunal affirmed the decision of the Deputy. Respondent applied for a review by the Commission and the latter thereafter entered its order denying said application which had the effect of affirming the decision of the Appeals Tribunal.

The facts, insofar as they relate to Count II are as follows:

The contract between Respondent and the Union provided that operators employed by the respondent for one year were entitled to one week vacation with pay; that those employed two years or longer were entitled to two weeks vacation with pay. Johnson and Richard Spalding on account of the length of their service were both entitled to two weeks vacation under the contract. Some time during the first part of June 1959, Johnson requested a vacation of two weeks, beginning June 7 and ending June 20th. Mr. Foster, Respondent's Manager, agreed that he might have his vacation at that time, and notified the business agent of the Union, William McDowell, that Respondent would need an operator to take Johnson's place during the latter's vacation. Mr. McDowell was not connected in any way with Respondent. McDowell advised Mr. Foster that if it was agreeable with him claimant would work as relief operator during the period of Johnson's vacation. This was agreeable to Mr. Foster. Claimant was paid for the time he worked the same amount as Johnson drew as a regular operator. After claimant had worked a week at the theatre Spalding made a request for a vacation to begin at the end of Johnson's vacation. Again Mr. Foster called McDowell and informed him of Spalding's request. Claimant then appeared and worked the two weeks of Spalding's vacation, which began June 21, 1959. At the end of the two vacation periods claimant left for the reason that his services as a replacement were no longer needed. Claimant understood that his employment was as a replacement during the vacation periods of Johnson and Spalding, and that the job would terminate when vacations were over. He was told that by McDowell.

Claimant was regularly employed as a part-time operator at the Broadway Theatre in Cape Girardeau, performing his services every Saturday and Sunday. He was so employed during the four weeks he worked at Respondent's theatre as a substitute for Johnson and Spalding. During the week ending July 11 (the one in controversy here) claimant earned $31.35 as a result of his employment at the Broadway Theatre. This was reported when he made his claim for benefits with respect to such week.

■ Respondent has filed a motion to dismiss the appeal in this case for the reason that neither of the appellants is aggrieved by the judgment from which the appeal has been taken. In our opinion, there would be merit to the motion were it not for the fact that, in the judgment from which the appeal was taken, the costs of the action were assessed against appellants. This fact makes appellants aggrieved parties entitled to appeal under Sections 512.020 RSMo1959, V.A.M.S. The motion to dismiss the appeal is overruled.

In appellant's brief under points I and II of "Points Relied On", appellants assign as error the action of the trial court in setting aside and reversing the orders of the Industrial Commission.

■ Claimant, although a party to the action below, filed no pleadings and made no appearance at the hearing; nor did he appeal from the adverse ruling of the trial court. The judgment against claimant is now final and any pronouncement by this court on the matter sought to be reviewed would amount only to an advisory opinion on moot questions. This we will not do. The Appellate Courts of this State have never permitted themselves to be used in such fashion, nor can appellants speak for a claimant who has abandoned his claim. The rule applicable is well stated in Howell v. Jackson County, 262 Mo. 403, 171 S.W. 342, l.c. 344, where the court said:

"An appellant is not allowed two voices on appeal, one for itself and another for some party absent and not complaining. One voice is enough. It is only errors that affect appellant or

plaintiff in error that are reversible, and the courts lend an attentive ear to none other."

Appellants' next point is that the court erred in that part of its judgment which provided that claimant should make restitution if payments of benefits had been made to him under Commission's award. Here again it is apparent that no rights of appellants have been adversely affected by such order.

 Finally it is urged that the court erred in assessing costs against the defendants. We make no ruling as to the right of Respondent to recover its costs against claimant, but we do hold that the assessment of costs against appellants was error, since they are representatives of the State. Hartwig-Dischinger Realty Co. v. Unemployment Compensation Commission, 350 Mo. 690, 168 S.W.2d 78. The judgment should be amended to relieve appellants of the obligation thereunder for the costs of said suit, and said cause is remanded for that purpose only.

WOLFE, J., concurs.

RUDDY, J., not participating.

On Motion for Rehearing or to Transfer to Supreme Court.

Motion denied.

JAMES D. CLEMENS, Special Judge (dissenting).

Upon consideration of the motion for rehearing, it is my view that the same should be sustained and a rehearing had for the reason that the opinion rendered in this case is, in my judgment, contrary to the opinion of the Supreme Court in Krisman v. Unemployment Compensation Commission, 351 Mo. 18, 171 S.W.2d 575, and inconsistent with the case of Carlton v. Division of Employment Security, Mo.App., 246 S.W.2d 388 decided by this court and the case of Producers Produce Co. v. Industrial Commission of Mo., Div. of Employment Sec.,

Mo.App., 281 S.W.2d 619, decided by the Springfield Court of Appeals. However, the court has taken a different view of the matter. Therefore, I dissent from said action of the court and I further withdraw my concurrence in the opinion filed and dissent therefrom and, deeming the opinion contrary to the previous decision of the Supreme Court in Krisman v. Unemployment Compensation Commission, supra, I request that the case be certified to the Supreme Court for final determination.

PER CURIAM.

The opinion in this cause being deemed by one of the Judges of this court to be contrary to a previous decision of the Supreme Court of Missouri, the cause is hereby transferred for final determination to the Supreme Court of Missouri.