DeWitt CRAWFORD, Plaintiff-Appellant,

v.

INDUSTRIAL COMMISSION of Missouri et al., Defendants-Respondents.

No. 34275.

Missouri Court of Appeals, St. Louis District.

June 28, 1972.

Robert J. Thomas, Jr., St. Louis, for plaintiff-appellant.

Lloyd G. Poole, Jefferson City, for Industrial Comm.

Curtis K. Cochell, Jefferson City, for Div. of Emp. Sec.

Lloyd G. Hanley, Rick V. Morris, Jefferson City, Donald J. Meyer, St. Louis, for Westlake.

BRADY, Chief Judge.

This case involves a claim for benefits under the Missouri Employment Security Law, § 288, RSMo., V.A.M.S., which was denied by the Industrial Commission. The circuit court affirmed the Commission's decision and from such judgment claimant appeals.

On December 10, 1969 claimant, DeWitt Crawford, an employee of West Lake Ready Mix Company, and a member of Teamsters Local 682, asked his supervisor for a leave of absence for approximately three months to begin with the close of work on December 10. His supervisor granted the leave providing claimant could obtain approval of his Union. At the hearing before the referee, claimant testified that he then spoke with the business agent of his Union who told him it was satisfactory to take the leave, but that if another member filed a grievance claimant might lose his seniority if he failed to obtain a written letter from his employer. There is no evidence in this record of any such grievance having been filed.

The employer's witness testified he said nothing to claimant about having the Union approval in writing because: "As far as we were concerned it wasn't necessary." He further testified that while he did not know the terms of the Union contract well he had never seen or read anything requiring such a letter. The employer's answer to the claim reads: " 'According to the union a leave of absence was not allowed. Therefore he had an absence without leave.' " The employer's witness, Harold Geile, claimant's supervisor, testified over strenuous objection that on December 12 the Union's business agent informed him claimant had not filed the "customary" written letter and therefore the Union could not approve ("go along with" was the phrase used) the leave. There was no further contact with Mr. Crawford by either his employer or the Union representative at this time.

Approximately March 10 the claimant contacted his supervisor concerning his return to work. He was told what had transpired between the supervisor and the Union agent and that he was treated as having quit. Claimant then contacted his Union agent but was told nothing could be done inasmuch as he had no letter. Thereafter claimant filed a grievance with his Union and a meeting was held in which claimant, his Union agent, the shop steward, and claimant's supervisor were present. The decision was against the claimant returning to work but there is no evidence in this record of any official action by the Union disapproving claimant's leave of absence which was offered or referred to by anyone at that meeting.

Claimant then filed an initial claim under the Missouri Employment Security Law. March 8, 1970, and thereafter claimed benefits through the week ending June 27, 1970. A deputy determined that claimant was ineligible for benefits, finding that he had left work voluntarily without good cause attributable to his work or employer on December 10, 1969. Claimant filed an appeal as provided by § 288.190,

RSMo., V.A.M.S., and after a hearing the referee affirmed the deputy's decision, specifically finding that the Union did not approve claimant's request for a leave of absence. The Industrial Commission denied claimant's application for review of the referee's decision (filed pursuant to § 288.-200, *supra*) on the grounds that the " * * * findings of fact of the Appeals Tribunal are supported by competent and substantial evidence and that the decision of the Appeals Tribunal was made in accordance with the law." As a result the decision of the Appeals Tribunal is deemed to be the decision of the Commission for the purpose of judicial review. § 288.-200(1), *supra*.

■ Section 288.020(2), *supra,* requires a liberal construction of the Missouri Employment Security Law, the purpose of which is to provide benefits to " * * * persons unemployed through no fault of their own." However, the disqualifying provisions of § 288.050, *supra,* must be strictly construed. Citizens Bank of Shelbyville v. Industrial Commission, Mo. App., 428 S.W.2d 895. In reviewing the findings of the Industrial Commission that claimant is disqualified under § 288.050, *supra,* our duty is to determine the legislature's intent by applying the plain natural meaning of the words to the statutory language to promote the object of the Act. Bussmann Mfg. Co. v. Industrial Commission, Division of Employment Sec., Mo. App., 335 S.W.2d 456. The Commission found that claimant voluntarily left his work. Voluntarily is defined in Webster's Third New International Dictionary as: "of one's own free will; spontaneously."

■■ Decisions of the Industrial Commission upon questions of law are not binding upon this court. As to questions of fact, § 22, Article V, of the Constitution, V.A.M.S., requires that the findings of the Industrial Commission be supported by competent and substantial evidence upon the whole record. We are required to review the record in the light most favorable

to the decision of the Industrial Commission and if it is supported by competent and substantial evidence and if the Commission could have reasonably made its findings from the evidence before it, we must affirm. Mercer v. Rowe Ford Sales, Mo.App., 446 S.W.2d 167, 171; Mid-Continent Aerial Sprayers, Inc. v. Industrial Commission, Division of Employment Sec., Mo.App., 420 S.W.2d 354; Handley v. State, Division of Employment Sec., Mo. App., 387 S.W.2d 247.

The Industrial Commission found applicable the provisions of § 288.050, *supra*, disqualifying a claimant from waiting week credits or of benefits until he has earned wages equal to ten times his weekly benefit amount if it is found he left his work voluntarily without good cause attributable to his work or his employer. The Industrial Commission found claimant did so leave his work. Crucial to this determination was the finding that the Union did not approve claimant's request for a leave of absence. The finding being in favor of the employer, it is the testimony of the employer's witness with which we are primarily concerned. That testimony was that the Union representative informed the claimant's supervisor about December 12 that claimant had not filed the "customary" letter and therefore the Union could not approve the leave. The testimony of the employer's witness as to what the Union representative told him is the only evidence to support the finding that the Union did not approve the leave.

■ It is therefore necessary to determine the admissibility and competency of hearsay evidence at an administrative hearing. Common law or statutory rules of evidence do not apply. § 288.190(2), *supra*. However, it is well settled " * * * that hearsay evidence and conclusions based upon hearsay do not qualify as 'competent and substantial evidence upon the whole record' essential to the validity of a final decision, finding, rule or order of an administrative officer or body under § 22,

Art. V of the Missouri constitution of 1945. * * * The fact that technical rules of evidence do not control has been considered to permit of leading questions and other informalities but not to abrogate the fundamental rules of evidence." State ex rel. De Weese v. Morris, 359 Mo. 194, 221 S.W.2d 206, 209. See also McCallister v. Priest, Mo., 422 S.W.2d 650; Bartholomew v. Board of Zoning Adjustment, Mo. App., 307 S.W.2d 730, 733; State ex rel. Bond v. Simmons, Mo.App., 299 S.W.2d 540. Hearsay evidence should not be considered by a referee in such proceedings and while the reception of hearsay evidence does not in and of itself dictate a reversal, that result will follow unless there is sufficient competent evidence to sustain the decision. McCallister v. Priest, *supra*. The only evidence being hearsay, it follows then that such finding is not supported by competent and substantial evidence and must be set aside.

Respondents attempt to avoid the hearsay problem by arguing that the Labor Union is the agent of its members, that acts of the Union are the voluntary acts of its members, and that the employer was justified in relying on what he was told by the Union representative. But reasonable reliance by the employer upon the Union representative is not the issue here. § 288.050, *supra*, specifies the issue is whether claimant voluntarily left his work without good cause attributable to his work or his employer. The determinative fact in resolving the issue of whether claimant voluntarily left his work is whether the Union did in fact approve the leave of absence by claimant. The specific finding of the referee was that the Union did not. Having determined that this finding is not supported by competent and substantial evidence the decision of the circuit court affirming the Industrial Commission must be reversed.

■ Respondents finally contend that if we disregard the supervisor's hearsay testimony claimant's hearsay testimony must

also be ignored, and without this evidence respondent asserts that claimant has failed to carry his burden of proof establishing his right to benefits. This argument must fail. In Bussmann Mfg. Co. v. Industrial Commission of Mo., Mo.App., 327 S.W.2d 487, 492, this court held " * * * that hearsay and self-serving declarations admitted into evidence without objection should be given their natural probative effect." See also Tebeau v. Baden Equipment & Const. Co., Mo.App., 295 S.W.2d 184, 190; Nations v. Barr, Mo.App., 43 S.W.2d 858, 861. There was no objection to claimant's testimony at the hearing, nor upon application for review to the Commission. Moreover, on review we consider the evidence in the light most favorable to the findings. LaPlante v. Industrial Commission, Mo.App., 367 S.W.2d 24, 27; Neeley v. Industrial Commission of Mo., Division of Employment Sec., Mo.App., 379 S.W.2d 201, 204. We have determined that the specific finding made by the referee is not supported by adequate evidence. We are not privileged to engage in speculation and conjecture as to additional bases to support the referee's conclusions which, if they exist at all, do not appear in the record. To the contrary, the opinion of the referee and that of the Industrial Commission make clear the acceptance by each of the uncontroverted evidence that claimant did everything required of him to protect his position and that the factual determination of the question of the Union's disapproval of the leave of absence constitutes the sole basis for their rulings against him.

The judgment should be reversed and the cause remanded to the trial court with directions this case be remanded to the Industrial Commission for a hearing upon the factual issue of whether or not the Union approved or disapproved claimant's request for leave of absence, and for such other proceedings as are not inconsistent with this opinion. It is so ordered.

WEIER and CLEMENS, JJ., concur.