**MARK TWAIN HOMES, INC., d/b/a Mark Twain Manor, Respondent,**

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSION, Division of Employment Security, and Emaline Vohsen, Appellants.**

No. 43338.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 5, 1981.

Timothy P. Duggan, Kevin M. Hare, Jefferson City, for appellants.

David L. Baylard, Clayton, for respondent.

CRIST, Presiding Judge.

Appeal from the judicial review by the Circuit Court of St. Louis County of a decision of the Labor and Industrial Relations Commission (hereinafter "commission"). This case arose under the Missouri Employment Security Act, Chapter 288, RSMo. 1978.

On October 2, 1978, Emaline Vohsen (hereinafter "claimant") was employed by Mark Twain Homes, Inc., d/b/a Mark Twain Manor (hereinafter "employer") as a nurse's aide. Approximately six months later, on March 29, 1979, claimant went to employer's Director of Nursing (hereinafter "nurse") to inform nurse that, because her husband was ill, claimant needed to be absent from work. Claimant was unable to provide employer with the specific length of time needed but was told by nurse that she would have a job when she returned.

On April 9, 1979, claimant, and a co-worker who had also been absent from work, went to nurse indicating a desire to return to work. Nurse had only one position open and suggested that claimant's co-worker fill that opening. Claimant was informed by nurse that she would be called when the next position became available. Claimant understood that nurse was filling the only open position with her co-worker but raised no objections.

Claimant returned to work with employer on April 14, 1979. Nine days later, on April 23, 1979, nurse left a note for claimant requesting that claimant telephone her. Claimant attempted, unsuccessfully, to telephone nurse but spoke, instead, with employer's bookkeeper-timekeeper (hereinafter "bookkeeper"). Bookkeeper told claimant she was discharged. Although claimant knew bookkeeper was not her supervisor, she relied on bookkeeper's word and considered herself discharged. Claimant failed to verify bookkeeper's statement with nurse. Nurse denied claimant had been discharged.

After a hearing at which the foregoing evidence was adduced commission found as follows: Claimant was discharged on April 23, 1979 when bookkeeper told claimant she was discharged. Bookkeeper had apparent specific authority to convey to claimant the message that she was discharged. Claimant was justified in relying on bookkeeper's information. Claimant was not discharged for misconduct. Claimant was entitled to benefits under the Missouri Employment Security Act.

The circuit court reversed on the ground that commission's findings were not based upon substantial and competent evidence on the whole record, assessing costs against commission and claimant. See, Section 288.210, RSMo. 1978. *Jennings v. Labor & Industrial Relations Commission*, 579 S.W.2d 845, 848 (Mo.App.1979). We affirm in part, albeit for different reasons, and reverse in part.

As part of its findings, the circuit court concluded that:

> In addition, the only evidence presented at the hearing which addressed the issue of Claimant-Employee's discharge constituted alleged hearsay statements of the employer's timekeeper. Such hearsay statements do not rise to the level of "competent and substantial evidence" upon which the Commission could base its decision, *Wilson v. Labor & Industrial Relations Commission*, 573 S.W.2d 118 (Mo.App.D.K.C.1978); *Crawford v. Industrial Commission of Missouri*, 482 S.W.2d

739 (St.L.M.App.1972), and therefore, the decision of the Industrial Commission must, as a matter of law, be reversed. We disagree. Section 288.210, RSMo. 1978 provides that the "findings of the commission as to the facts, if supported by competent and substantial evidence . . . , shall be conclusive." Ordinarily, hearsay evidence does not qualify as competent and substantial evidence upon the whole record to support findings of fact by an administrative agency. *Dickinson v. Lueckenhoff,* 598 S.W.2d 560, 561–62 (Mo.App.1980). The parties to an administrative hearing, however, have the right for reasons of trial strategy or other cause, to waive objections to hearsay evidence. In the contested action herein, the parties were represented by counsel. Employer objected to only one question, the answer to which cannot be considered as competent and substantial evidence. The transcript reveals that employer stopped objecting, and cross-examined claimant on her conversation with bookkeeper, allowing other hearsay evidence to come in. Employer cannot now complain of the use of the unobjected to hearsay evidence. *Crawford v. Industrial Commission,* 482 S.W.2d 739, 742–743 (Mo.App.1972). This unobjected to hearsay evidence may be considered as competent and substantial evidence supporting the commission's findings. See, *Hess Construction Co. v. State Tax Commission,* 579 S.W.2d 645, 646–647 (Mo.App.1979).

■ No evidence appears in the record to support the commission's finding that bookkeeper had apparent specific authority to speak for employer in the discharge of claimant. On the contrary, claimant knew bookkeeper was not her supervisor. Despite claimant's assumption, based on bookkeeper's statement, that she was discharged, claimant has made no showing that bookkeeper had authority to speak for employer in claimant's discharge. See, *Stiple v. Piggott,* 219 Mo.App. 222, 269 S.W. 942, 945 (1925). The commission's findings as to the discharge of claimant were not based upon competent and substantial evidence. The circuit court's judgment reversing the commission as to claimant's discharge is affirmed.

■ Although the circuit court assessed costs against commission and claimant, it had no authority to do so. Costs cannot be assessed against commission since they merely represent the State of Missouri in the matter herein. *Dubinsky Brothers, Inc. v. Industrial Commission,* 365 S.W.2d 275, 279 (Mo.App.1963); *Hartwig-Dischinger Realty Co. v. Unemployment Compensation Commission,* 350 Mo. 690, 168 S.W.2d 78, 82 (1943). Section 288.380.5, RSMo. 1978 prohibits the charging of "fees of any kind in any proceeding under this law by the division, or by any court or any officer thereof" against claimant. The circuit court was clearly erroneous in taxing costs against claimant and commission. That part of the judgment is reversed.

Judgment affirmed in part and reversed in part.

REINHARD and SNYDER, JJ., concur.