Mary Jane **HELFRICH,**
Plaintiff–Appellant,

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION, DIVISION OF EMPLOYMENT SECURITY and Bristol–Myers Company, Defendants–Respondents.**

No. 53998.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 13, 1988.

Jay E. Sushelsky, Nancy K. Gardner, St. Louis, for plaintiff-appellant.

Larry R. Ruhmann, St. Louis, Sandy Bowers, James B. Crenshaw, Jefferson City, for defendants-respondents.

STEPHAN, Presiding Judge.

This is an appeal from a decision of the Circuit Court of St. Louis County which affirmed the decision of the Labor and Industrial Relations Commission ("Commission"). The Commission had previously denied claimant's application for review of a decision of an Appeals Referee of the Missouri Division of Employment Security ("Division").

Claimant worked for the Bristol–Myers Company from June 5, 1985, to August 14, 1986. On August 14, 1986, she went to her doctor. He told her she was on the verge of a nervous breakdown and had her admitted to a hospital that day. Claimant's doctor put her in touch with a psychiatrist. The psychiatrist told her she was under too much stress due to her working conditions and kept her in the hospital for nine days.

When claimant was discharged from the hospital, her psychiatrist sent her a letter stating that he thought she would be well enough to return to work by October 1, 1986. Claimant reported her progress weekly to the nurse at Bristol–Myers, Ms. Linda Sweeney, as the company required. Ms. Sweeney also received a letter from the psychiatrist stating that the claimant could return to work on October 1, 1986. Bristol–Myers placed claimant on paid disability leave until October 1, 1986.

On September 9, 1986, while on sick leave and at the recommendation of her psychiatrist, claimant went on a job interview at Anheuser–Busch. On September 10, 1986, Anheuser–Busch called Larry Bogue, Manager of Human Resources at Bristol–Myers Company, to request a reference for Ms. Helfrich. Mr. Bogue stated that upon hearing this, "it was my feeling that if she was well enough to be out looking for another job, she should be at Bristol–Myers working."

On September 11, 1986, Larry Bogue informed claimant that Ms. Sweeney had spoken with the psychiatrist. Claimant was advised to report back to work the next day or she would be terminated. Claimant did not report back to work and was terminated effective September 12.

Subsequently, claimant initiated procedures for unemployment compensation. Mr. Gordon Taylor, Assistant Manager of Human Resources at Bristol–Myers, responded to her claim with a letter, addressed to the Missouri Division of Employment Security, stating the company's reasons for not charging its account. The Division, thereafter, denied Ms. Helfrich's claim for benefits, finding that she "left work ... voluntarily without good cause attributable to her work or employer on 9/12/86."

Claimant filed a timely appeal from the deputy's determination to an Appeals Tribunal. Following testimony by Ms. Helfrich, Mr. Bogue, Ms. Sweeney and Dennis Bickel, who was the head of the Bristol–Myers packaging department, the referee found that:

... the claimant voluntarily left her work with the employer on September 12, 1986. While the claimant was originally off of work with the employer on a sick leave from August 14, 1986 until October 1, 1986, the employer cancelled the sick leave effective September 12, 1986, after receiving information from the claimant's psychiatrist. The employer has the prerogative of modifying or extending the time period for sick leave in circumstances of this nature. Since the claimant elected not to return to work on September 12, 1986, she is deemed to have voluntarily left her work at that time.... The claimant was under no medical restriction with respect to her returning to work as of September 12, 1986. The claimant, therefore, has not shown good cause for voluntarily leaving her work with the employer. It is therefore found that the claimant voluntarily left her work with the employer on September 12, 1986, without good cause attributable to her work or employer.

Claimant submitted the Decision of the Appeals Tribunal to the Labor and Industrial Relations Commission on January 23, 1987. She enclosed a letter detailing the grounds on which she sought to have the decision overturned.

On June 24, 1987, the Commission denied Ms. Helfrich's Petition for Review pursuant to § 288.200 RSMo 1986. The Commission found that the Tribunal's decision was supported by competent and substantial evidence. One member dissented on the ground that the record did not support the Tribunal's finding that the claimant voluntarily left work with the employer without good cause attributable to work.

Claimant appealed the Commission's decision to the circuit court, which affirmed the decision without opinion.

Claimant raises two points on appeal. First, that the Commission erred in finding claimant voluntarily left her work without good cause because that finding is not supported by competent and substantial evidence. Secondly, that the trial court erred in taxing costs against her because § 288.380.5 RSMo 1986 mandates that no individual claiming employment security benefits shall be charged fees of any kind.

■ Our review is limited to a determination of whether the Commission's decision is supported by competent and substantial evidence, and whether the Commission could reasonably have made its findings and reached its result. § 288.210 RSMo 1986; *Diversified Asphalt, Inc. v. Labor and Industrial Relations Commis-*

*sion of Missouri,* 622 S.W.2d 716, 718 (Mo. App.1981).

Respondents base their decision to release claimant from authorized sick leave on the testimony of Larry Bogue and Linda Sweeney concerning Ms. Sweeney's conversation with claimant's psychiatrist to the effect that, if claimant was well enough to interview, she was well enough to work. Claimant contends that these statements are hearsay and are not competent and substantial evidence upon the whole record to support a finding of fact by this administrative agency. Respondents agree the testimony is hearsay, but argue that because it was "unobjected to", it can be the basis of findings of fact by the Commission.

 Ordinarily, hearsay evidence does not qualify as competent and substantial evidence upon the whole record to support findings of fact by an administrative agency. *Dickinson v. Lueckenhoff,* 598 S.W.2d 560, 561–62 (Mo.App.1980); *Wilson v. Labor and Industrial Relations Commission,* 573 S.W.2d 118, 121 (Mo.App.1978).

It is true, as respondents argue, that parties to an administrative hearing may "for reasons of trial strategy or other cause" waive objections to hearsay and that such evidence may then be considered as substantial and competent for purposes of the agency's findings. *Mark Twain Homes, Inc. v. Labor & Industrial Relations Commission,* 616 S.W.2d 145, 147 (Mo.App.1981); *Chrysler Corporation v. Division of Employment Security,* 628 S.W.2d 359, 360 (Mo.App.1982). However, we find no such waiver by the claimant who was not represented by counsel. As soon as Ms. Sweeney concluded her account of her conversation with claimant's psychiatrist, claimant stated that she had explained to the physician that the interview concerned a less strenuous job. He told her there was no reason not to participate in the interview, and, "if he's telling them (Ms. Sweeney and Mr. Bogue) different, he's lying." While such statement hardly rises to the level of an objection to hearsay or a motion to strike, it cannot in any way be interpreted as a waiver of claimant's right to substantial and competent evidence.

Therefore, the finding that, "The claimant was under no medical restriction with respect to her returning to work as of September 12, 1986" lacks the requisite evidentiary support. For this reason, the judgment of the circuit court must be reversed and the cause remanded to the Commission for rehearing.

 There is no dispute between the parties concerning claimant's second point. Respondents agree that the trial court erred in taxing costs against the claimant. *Rothschild v. Labor and Industrial Relations Commission and Division of Employment Security,* 728 S.W.2d 720, 722 (Mo.App.1987); § 288.380.5 RSMo 1986. This portion of the judgment is reversed.

The cause is reversed and remanded for proceedings consistent with this opinion.

PUDLOWSKI, C.J., and DOWD, J., concur.