Shakeisha BOSTIC, Appellant,

v.

SPHERION ATLANTIC
WORKFORCE;
Defendant

Division of Employment Security,
Respondent.

No. WD 67086.

Missouri Court of Appeals,
Western District.

March 20, 2007.

Shakeisha Bostic, Milwaukee, WI, pro se.

Ninion S. Riley, Jefferson City, MO, for respondent.

Before: LISA WHITE HARDWICK, P.J., ROBERT G. ULRICH and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Ms. Shakeisha Bostic appeals the decision of the Labor and Industrial Relations Commission (Commission) denying her request for unemployment benefits. She asserts that the hearsay statements of a third party supervisor are not competent and substantial evidence to support the discharge because of misconduct connected with work. She also claims that the Commission erred in interpreting her actions as intentional.

Spherion Atlantic Workforce ("Spherion") employed Ms. Bostic as a production worker. One day her supervisor, Mr. Anthony Grimes, told Ms. Bostic to work on a particular machine after she returned from a break. Ms. Bostic complained but subsequently decided to do the work. Several minutes later, another employee relieved her and told her that Mr. Grimes had told her to go home for the day. Ms. Bostic became mad and upset. As she left the building she told Mr. Grimes, "I've got something for you when I come in tomorrow." Two other employees overheard the statement and reported it as a threat to the main supervisor on site, Mr. Coy Adams. Ms. Bostic said that she made the statements in anger, but was discharged for making a threat.

The findings of fact submitted by the referee, and adopted by the Commission, found that Ms. Bostic "did not intend to threaten [Mr. Grimes]. She meant that she was going to tell management about her problems with the supervisor on the following day." The conclusions of law stated in part that Ms. Bostic "spoke in anger and said she had 'something' for the supervisor when she came in the following day. It was reasonable to treat [Ms. Bostic's] remarks as threatening. The claimant's remarks were against the employer rules and were misconduct."

■ Ms. Bostic appeals, claiming that the hearsay evidence given by Mr. Adams should not have been accepted, and that the Commission erred in assigning intent and willfulness to Ms. Bostic based on hearsay testimony. Spherion contends that the Commission did not err because Ms. Bostic threatened another employee and was, therefore, discharged for misconduct.

■ Ms. Bostic's brief asserts that the Commission erred in accepting the hearsay testimony offered by the main site supervisor, Mr. Adams. Hearsay evidence is generally not admissible in Commission hearings; however, hearsay evidence is properly admitted if no objection is made before or during the hearing. *Crawford v. Indus. Comm'n*, 482 S.W.2d 739, 742 (Mo. 1972); § 536.070.8.[1] A complaint about the admission of hearsay evidence during a telephone hearing is not preserved for appeal if no objection was made at the time of the hearing. *Johnson v. Mo. Bd. of Nursing Adm'rs*, 130 S.W.3d 619, 644 (Mo. App. W.D.2004). Ms. Bostic made no objection and did not make any statements from which an objection could even be inferred; therefore, we need not address whether this was hearsay or properly admitted because the issue was not preserved.

1. Statutory references are to RSMO (2000) and the Cumulative Supplement (2006).

Ms. Bostic also asserts that the Commission erred by assigning intent and willfulness to her actions because Spherion did not show the intent necessary to support the discharge for misconduct connected to work. We review decisions of the Commission under section 288.210, which states:

Upon appeal, no additional evidence shall be heard. The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Spherion claims that Ms. Bostic was discharged for misconduct connected with work. Where the employer cites misconduct, the burden shifts to the employer to show the misconduct was related to work. *Dixon v. Div. of Employment Sec.,* 106 S.W.3d 536, 540–41 (Mo.App. W.D. 2003); *Miller v. Kansas City Station Corp.,* 996 S.W.2d 120, 124 (Mo.App. W.D. 1999). Misconduct is defined as:

[1] an act of wanton or willful disregard of the employer's interest, [2] a deliberate violation of the employer's rules, [3] a disregard of standards of behavior which the employer has the right to expect of his or her employee, or [4] negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer

§ 288.030(23). This court has found that each of the criteria for finding misconduct has an element of culpability or intent. *Dixon,* 106 S.W.3d at 541. The first, second, and fourth justifications for a finding of misconduct each expressly state that either culpable conduct or repeated negligent conduct that amounts to culpable conduct is misconduct. *Id.* The term "disregard" in the third definition implies intent because if intent is not part of the definition of disregard, misconduct would include non-culpable actions, including negligent performance of job duties, and mere negligence; this is not allowed under Missouri law. *Id.* Furthermore, this interpretation brings the third justification in line with the other three, each of which requires culpable conduct. *Id.* Thus, in order for misconduct to be found, there must be a finding of some intent on the part of the discharged employee or repeated negligent acts amounting to culpable conduct.

In its findings of fact, the Commission found that Ms. Bostic did not intend to threaten Mr. Grimes. Thus, she did not have the intent or culpability required by the statute, and the finding that she was discharged for misconduct is an incorrect application of the law to the facts as found by the Commission.

The facts underlying a case may justify the dismissal of the employee but not meet the statutory standard for misconduct connected with work. *Id.* at 540–41. Therefore, even though the Commission's conclusion that Ms. Bostic's remarks could reasonably be considered to be threatening, this has no bearing in the determina-

tion where the Commission found that she did not intend to make a threat.

We reverse the Commission's ruling and remand for calculation of the award Ms. Bostic is due.

LISA WHITE HARDWICK, P.J. and ROBERT G. ULRICH, J. concur.