Andre **HILL**, Appellant,

v.

**NORTON & YOUNG, INC.,** and **Division of Employment Security,** Respondent.

No. ED 93010.

Missouri Court of Appeals, Eastern District, Division Two.

March 2, 2010.

John J. Ammann, St. Louis, MO, for Appellant.

Rachel M. Lewis, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Andre Hill ("Claimant") appeals from the decision of the Labor and Industrial Relations Commission ("the Commission") denying Claimant's application for unemployment compensation benefits. Claimant contends the Commission erred in denying him unemployment benefits because the Commission's decision was not supported by competent or substantial evidence that Claimant committed misconduct. We reverse and remand.

Claimant was hired as a prep cook by Norton's Cafe ("Employer") in February of 2007. Claimant was discharged on November 6, 2008 following an incident regarding cutting tomatoes that occurred on November 1, 2008.

Claimant filed a claim for unemployment compensation benefits. A deputy denied Claimant benefits finding claimant was discharged for misconduct related to work. The deputy concluded Claimant was discharged because he had been instructed by his Employer to cut tomatoes and he refused to do the assigned job duty. Thus, the deputy found Claimant was disqualified for unemployment benefits.

Claimant appealed to the Appeals Tribunal. The Appeals Tribunal held a hearing. At the hearing, Employer's manager, Carol Norton ("Norton"), testified that there was a large lunch crowd on November 1, 2008 and the line cooks ran out of sliced tomatoes and were too busy to cut more. She told one of the line cooks to ask Claimant to cut more tomatoes. She testified she was told that Claimant refused to cut the tomatoes and said it was not his job. Employer also introduced the testimony of Jeff Robinson ("Robinson"). Robinson stated that when he came into work on November 1, 2008, Claimant was getting ready to leave. Robinson testified that when he spoke to Claimant, he told Robinson that "[Norton] had asked somebody to cut them some tomatoes and he told them he wasn't going to do it because that's not his job." Both Norton and Robinson stated that they did not hear anyone ask Claimant to cut tomatoes or hear Claimant refuse. Claimant testified at the hearing and stated that he was never told to cut tomatoes.

The Appeals Tribunal reversed the deputy's determination and found Claimant had not been discharged for misconduct related to work. The Appeals Tribunal found that the "[E]mployer['s] witnesses did not observe the incident in question,"

and that "[C]laimant indicated that he was not told by anyone to cut tomatoes." The Appeals Tribunal noted that [E]mployer's witnesses did not "directly observe the incident in question and therefore had no legally competent, firsthand testimony." The Appeals Tribunal concluded that "[b]ased upon the only firsthand testimony presented at the hearing on the incident leading to the [C]laimant's discharge, that of the [C]laimant, the [C]laimant was not told to cut tomatoes on November 1, 2008. The [C]laimant's discharge, therefore, was not the result of any misconduct."

Employer appealed to the Commission. The Commission reversed the decision of the Appeals Tribunal and found Employer's witnesses to be more credible. The Commission found Claimant failed to follow the instruction of his superior which was insubordination constituting misconduct.[1] Thus, the Commission concluded Claimant was disqualified for unemployment benefits. Claimant now appeals.[2]

In his sole point, Claimant asserts the Commission erred in finding him disqualified for unemployment benefits because the Commission's decision was not supported by competent and substantial evidence that Claimant committed misconduct. Claimant maintains he was the only witness with "first-hand knowledge of the events and he did not waive his right to have the determination made on more than hearsay evidence." We agree.

We may modify, reverse, remand, or set aside the Commission's decision only when: (1) the Commission acted without or in excess of its powers; (2) the decision was procured fraudulently; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence to support the award.

Section 288.210, RSMo 2000. Absent indications of fraud, the factual findings of the Commission are conclusive so long as they are supported by competent and substantial evidence. *Id.* We defer to the Commission on resolution of conflicting evidence regarding a factual issue, the weighing of evidence, and the credibility of witnesses. *Freeman v. Gary Glass & Mirror, LLC,* 276 S.W.3d 388, 391 (Mo. App. S.D.2009); *Sartori v. Kohner Properties, Inc.,* 277 S.W.3d 879, 883 (Mo.App. E.D.2009).

Section 288.050.2, RSMo Cum.Supp. 2008, disqualifies a claimant from receiving unemployment compensation benefits if that claimant has been discharged for misconduct connected with his work. "Misconduct" is defined as

> an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest of the employee's duties and obligation to the employer.

Section 288.030.1(23), RSMo Cum.Supp. 2008.

Although the burden of proving eligibility for unemployment compensation benefits initially lies with the claimant, once an employer alleges that the claimant was discharged for misconduct connected with work, the burden shifts and the employer must demonstrate such misconduct. *Freeman,* 276 S.W.3d at 391. In order to do so, the employer must show, by a preponderance of the evidence, that the claim-

---

1. The Commission's decision included a dissent. The dissenting Commissioner agreed with the Appeals Tribunal.

2. Neither Employer nor the Division of Employment Security elected to file a responsive brief in this case.

ant willfully violated the rules or standards of the employer or that the claimant knowingly acted against the employer's interest. *Id.*

Claimant asserts Employer failed to establish misconduct because the only evidence of an order being given to Claimant and Claimant refusing to comply with the order was hearsay and hearsay alone cannot constitute competent and substantial evidence.

The testimony of Norton and Robinson, neither of whom heard Claimant asked to cut tomatoes or refused to do so, is the only evidence to support the finding that Claimant was asked and refused to cut tomatoes. Thus, the only evidence presented by Employer was hearsay.

The Missouri Code of State Regulations addresses the conduct of unemployment hearings and the use of hearsay in those proceedings and provides:

> The hearing need not be conducted according to the common law or statutory rules of evidence or the technical rules of procedure. Hearsay evidence is generally admissible. Evidence is admissible if it is not irrelevant, immaterial, privileged or unduly repetitious. Hearsay which is timely objected to shall not constitute competent evidence which, by itself, will support a finding of fact. A party or his/her attorney may advise the hearing officer of a defect in the character of any evidence introduced by voicing an objection. The hearing officer shall rule on the admissibility of all evidence. Any evidence received without objection which has probative value shall be considered by the hearing officer along with other evidence in the case.

8 CSR 10–5.015(10)(B).4.

Claimant maintains that although he did not make a specific objection to the hear-

say testimony, he made statements from which an objection could be inferred. *See Helfrich v. Labor and Indust. Relations Com'n, Div. of Employment Sec.,* 756 S.W.2d 663 (Mo.App. E.D.1988); *Bostic v. Spherion Atlantic Workforce,* 216 S.W.3d 723, 724 (Mo.App. W.D.2007).[3] In *Helfrich,* the employee was on medical leave under the recommendation of her psychologist. *Id.* at 664. While on sick leave and at the recommendation of her psychiatrist, the employee went on a job interview with a different employer. *Id.* at 665. After the potential new employer called the current employer for references and learned of the interview, the employee was told to report back to work the following day or she would be terminated. *Id.* The employee did not report to work and was terminated. *Id.* During the hearing regarding her claim for unemployment benefits, two of employer's witnesses testified regarding a conversation with the employee's psychiatrist to the effect that, if the employee was well enough to interview, she was well enough to work. *Id.* at 666. The employee was denied benefits and appealed. *Id.* at 665.

On appeal, the court noted that "parties to an administrative hearing may 'for reasons of trial strategy or other cause' waive objections to hearsay and that such evidence may then be considered as substantial and competent for purposes of the agency's findings." *Id.* at 666 (*quoting Mark Twain Homes, Inc. v. Labor & Industrial Relations Commission,* 616 S.W.2d 145, 147 (Mo.App.1981)). However, the court found no such waiver where the employee, who was not represented by counsel, stated at the hearing, "if he's [her psychiatrist] telling them [the employer's witness] different, he's lying." *Id.* The court stated that "[w]hile such statement

---

**3.** In *Bostic,* the court noted that the claimant "did not make any statements from which an objection could be inferred." *Bostic,* 216 S.W.3d at 724.

hardly rises to the level of an objection to hearsay or a motion to strike, it cannot in any way be interpreted as a waiver of [the employee's] right to substantial and competent evidence." *Id.*

 Similarly, here, Claimant, who was not represented by counsel at the hearing, made statements during the hearing from which an objection to the hearsay testimony could be inferred. As in *Helfrich,* where the employee claimed that if the hearsay statement was actually made, it was a lie, here, Claimant stated the hearsay account of what the line cook said was not true. Claimant testified the line cook never asked him to cut tomatoes. Throughout the hearing, Claimant stated that he did not refuse to cut tomatoes and there was no testimony of anyone who heard him refuse to cut tomatoes. Claimant also questioned Norton about the fact that she did not hear him refuse to cut tomatoes, to which she conceded she did not hear him refuse any directive. Furthermore, during his questioning of Robinson, Claimant stated Robinson was lying.

While these statements are not classic objections, as in *Helfrich,* the statements do not amount to a waiver by Claimant to his right to competent and substantial evidence. The only evidence of Claimant's refusal to follow the directive to cut the tomatoes being hearsay testimony from Norton and Robinson that was objected to, it follows that the Commission's finding is not supported by competent and substantial evidence. *See Crawford v. Industrial Commission,* 482 S.W.2d 739, 742 (Mo.App.1972)(the court reversed the denial of unemployment compensation benefits where the only evidence to support a finding that the employee left work voluntarily without good cause attributable to his work or employer was objected-to hearsay evidence).

Employer failed to meet its burden to show by a preponderance of the evidence that Claimant was discharged due to misconduct related to work. The Commission's decision is not supported by competent and substantial evidence. Point granted.

The decision of the Commission is reversed and the case is remanded to the Commission for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN, P.J., and PATRICIA L. COHEN, J., concur.