Samantha JENKINS, Appellant,

v.

GEORGE GIPSON ENTERPRISES, LLC and Division of Employment Security, Respondents.

No. ED 94611.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 14, 2010.

John Ammann, St. Louis, MO, for appellant.

George Gipson LLC, St. Louis, MO, pro se.

Michael Pritchett, Jefferson City, MO, for respondents.

GEORGE W. DRAPER III, Judge.

Samantha Jenkins (hereinafter, "Claimant") appeals the decision of the Labor and Industrial Relations Commission (hereinafter, "the Commission"), denying her unemployment compensation benefits. Claimant raises one point on appeal. We reverse and remand.

Following a hearing on Claimant's appeal, the Appeals Tribunal made the following findings of fact: Claimant worked for George Gipson Enterprises, LLC (hereinafter, "Employer") as a crew member at Employer's McDonald Restaurant. On October 2, 2009, Claimant worked from 7 a.m. to 3 p.m. operating a cash register. Toward the end of her shift, Claimant

brought her cash register into the office for a shift manager to balance her cash register, which Employer alleged was short ten dollars. The Commission found "Claimant had never made a mistake in counting her cash register."

On October 3, Christina McGee (hereinafter, "McGee"), Employer's general manager, reviewed a surveillance tape from the previous day. McGee believed the surveillance tape showed Claimant taking a ten dollar bill out of her cash register and putting it in her sleeve. McGee asked Claimant whether she took a ten dollar bill and Claimant denied doing so. Claimant denied viewing the surveillance tape, but McGee testified she showed Claimant the surveillance tape. McGee subsequently terminated Claimant for stealing.

A deputy determined Claimant was disqualified from receiving unemployment compensation benefits because she was discharged for misconduct connected with her work. Claimant appealed to the Appeals Tribunal. The Appeals Tribunal reversed the deputy's determination, finding Claimant not disqualified for unemployment compensation benefits by reason of her discharge from work. The Appeals Tribunal reasoned McGee's testimony regarding what the surveillance tape showed was hearsay. Thus, the only competent evidence presented was Claimant did not steal ten dollars from her cash register as per her testimony. Employer appealed to the Commission. The Commission reversed, finding Claimant disqualified from receiving unemployment compensation benefits because Employer discharged her for misconduct connected to her work.

Our review of the Commission's decision in this unemployment compensation matter is governed by Section 288.210 RSMo (2000).[1] *Rector v. Kelly,* 183 S.W.3d 256,

258 (Mo.App. W.D.2005). On appeal, we may modify, reverse, remand for rehearing, or set aside the decision of the Commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Section 288.210.

This Court's review "is limited to deciding whether the Commission's decision is supported by competent substantial evidence and authorized by law." *Korkutovic v. Gamel, Co.,* 284 S.W.3d 653, 656 (Mo.App. E.D.2009)(*quoting Ewing v. SSM Health Care,* 265 S.W.3d 882, 886 (Mo.App. E.D.2008)). The Commission's findings of fact shall be conclusive if supported by competent and substantial evidence and in the absence of fraud. *Taylor v. St. Louis Arc, Inc.,* 285 S.W.3d 775, 776 (Mo.App. E.D.2009)(*quoting* Section 288.210). However, "we are not bound by the Commission's conclusions of law or its application of the law to the facts." *Korkutovic,* 284 S.W.3d at 656.

In her sole point on appeal, Claimant alleges the Commission erred in finding she committed misconduct because the Commission's decision was not based on competent and substantial evidence pursuant to Section 288.210. Essentially, Claimant asserts Employer failed to establish misconduct because the only evidence that she stole ten dollars was McGee's hearsay testimony about what she viewed on the surveillance tape, and hearsay alone can-

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

not constitute competent and substantial evidence.

Section 288.050.2 provides that "[i]f a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant shall be disqualified for waiting week credit and benefits." Misconduct is defined as:

an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. . . .

Section 288.030.1(23). Each of these criteria for finding an employee engaged in misconduct has an element of culpability or intent. *Williams v. Enter. Rent–A–Car Shared Servs., LLC*, 297 S.W.3d 139, 142 (Mo.App.E.D.2009). "Willful misconduct is established by showing that the claimant's actions amounted to a conscious disregard for the interests of the employer or constituted behavior contrary to that which an employer has a right to expect." *Id.*

The burden of proving eligibility for unemployment benefits initially lies with Claimant. *Hill v. Norton & Young, Inc.*, 305 S.W.3d 491, 493 (Mo.App. E.D. 2010). However, once Employer alleges Claimant was discharged for misconduct connected with work, the burden shifts to Employer to show such misconduct. *Id.* "[T]he employer must show, by a preponderance of the evidence, that the claimant willfully violated the rules or standards of the employer or that the claimant knowingly acted against the employer's interest." *Id.* at 493–94.

The Missouri Code of State Regulations addresses the conduct of unemployment hearings and the use of hearsay evidence in those proceedings:

The hearing need not be conducted according to the common law or statutory rules of evidence or the technical rules of procedure. Hearsay evidence is generally admissible. Evidence is admissible if it is not irrelevant, immaterial, privileged or unduly repetitious. Hearsay which is timely objected to shall not constitute competent evidence which, by itself, will support a finding of fact. A party or his/her attorney may advise the hearing officer of a defect in the character of any evidence introduced by voicing an objection. The hearing officer shall rule on the admissibility of all evidence. Any evidence received without objection which has probative value shall be considered by the hearing officer along with other evidence in the case. . . .

Mo.Code Regs. Ann. tit. 8, § 10–5.015(10)(B)4 (2002). Thus, if the only evidence presented of misconduct is hearsay that is "timely objected to," the Commission's findings of fact are not supported by competent and substantial evidence. *Hill*, 305 S.W.3d at 495; Mo.Code Regs. Ann. tit. 8, § 10–5.015(10)(B)4.

Parties to an administrative hearing may waive objections to hearsay "for reasons of trial strategy or other cause" and "such hearsay evidence may then be considered as substantial and competent for purposes of the agency's findings." *Helfrich v. Labor and Indus. Relations Comm'n, Div. of Employment Sec.*, 756 S.W.2d 663, 666 (Mo.App. E.D.1988). However, a statement by a claimant that hearsay testimony is false "cannot in any way be interpreted as a waiver of claimant's right to substantial and competent evidence" despite not rising to the level of an objection to hearsay or motion to strike. *Id.*; *see also Hill*, 305 S.W.3d at 495.

Here, Employer only offered McGee's testimony to support its assertion Claimant was discharged for misconduct connected with work. McGee testified that on October 3, she reviewed a surveillance tape from October 2, in which she saw Claimant take a ten dollar bill out of her register and put it in her sleeve. The surveillance tape was not offered into evidence. During the hearing before the Appeals Tribunal, Claimant accused McGee of lying about the surveillance tape and not being honest. Further, Claimant denied stealing ten dollars from her cash register and maintained her cash register never came up short. Accordingly, Claimant's objection to McGee's hearsay testimony could be inferred. *See Hill,* 305 S.W.3d at 494 (finding the claimant, who was not represented by counsel at hearing, made statements during hearing from which objection to hearsay testimony could be inferred because he denied engaging in misconduct and stated the hearsay testimony was false).

Employer failed to meet its burden to show by a preponderance of the evidence Claimant was discharged due to misconduct connected with work. *See Hill,* 305 S.W.3d at 495. Accordingly, the Commission's decision is not supported by competent and substantial evidence, and Claimant is not disqualified under Section 288.050.2 from receiving unemployment benefits. Point granted.

### Conclusion

The Commission's decision is reversed, and the case is remanded for further proceedings consistent with this opinion.

GLENN A. NORTON, P.J., and KATHIANNE KNAUP CRANE, J., concur.