BRAWLEY & FLOWERS,
INC., Appellant,

v.

Vernon GUNTER and Division
of Employment Security,
Respondents.

No. 20736.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 4, 1996.

Opinion Denying Rehearing
Sept. 13, 1996.

Christina L. Kime, L. Dwayne Hackworth, Hackworth, Kime & Bowles, Piedmont, for appellant.

Ninion S. Riley, Ronald J. Miller, Div. of Employment Security, Jefferson City, for respondent.

PARRISH, Judge.

Brawley & Flowers, Inc., (Employer) appeals the determination of the Labor and Industrial Relations Commission (the Commission) that Vernon Gunter (sometimes referred to hereafter as Claimant) was entitled to unemployment compensation benefits under provisions of the Missouri Employment Security Law, chapter 288, RSMo 1994. This court affirms.

Vernon Gunter worked for Employer as a saw machine operator for more than three years. On Thursday, June 15, 1995, his su-

pervisor told him, "I hate to be the one to tell you this but after this week you're out of here."

The regular work hours for the week were submitted at the end of the day on Thursday. Claimant returned the next day to pick up a check for forty hours of accrued vacation time and 10 hours of work. He received his weekly paycheck in the mail at his home that same day.

Mr. Gunter filed a claim for unemployment benefits June 19, 1995. A deputy[1] reviewed the claim as required by § 288.070.2.[2] The deputy's determination was that Claimant was disqualified; that he left work voluntarily without good cause attributable to Employer. Claimant appealed the deputy's determination.

The appeals tribunal[3] held a telephone hearing. Employer did not participate. The appeals tribunal found that Mr. Gunter was discharged "at the end of his workshift on June 15, 1995." It concluded that he did not leave work voluntarily, holding:

> The Claimant is not disqualified for benefits for which he may otherwise be eligible because the Claimant's discharge on June 15, 1995, was not for misconduct connected with his work within the meaning of the Missouri Employment Security Law.

Employer applied for review of the appeals tribunal decision by the Commission. *See* § 288.200.1. The application was allowed. The decision of the appeals tribunal was affirmed on the basis of the previously submitted evidence. The Commission adopted the decision of the appeals tribunal.

Point I is directed to the procedure followed by the appeals tribunal and the Commission's "refusal to reopen the record" to permit Employer to present evidence. Employer asserts it was denied due process because it was not contacted at the time of the telephone hearing; it was not given the opportunity to participate in the appeals hearing; "that the Commission acted without or in excess of its powers."[4]

Notice of Telephone Hearing was mailed to the Claimant and Employer. The mailing certificate on the notice states it was mailed "08–01–95." The notice identifies the appeal by the names of the Claimant and Employer and by the appeal number and states which party appealed. It states the date of the deputy's determination, the date the appeal was filed, and identifies the appeals tribunal referee.

The following appears after the identifying information:

> You are notified that there will be a hearing at 9:15 A.M. CDT on FRIDAY, AUGUST 11, 1995, by means of a telephone conference originating from Jefferson City, Mo.

> REASON FOR THIS HEARING: If you filed the appeal, you already know why you appealed. If you did not file the appeal, you have already been sent the Notice of Appeal setting forth the reasons for the hearing.

> NOTICE: IT IS YOUR RESPONSIBILITY TO PROVIDE A PHONE NUMBER WHERE YOU CAN BE REACHED:

> Provide your telephone number for the hearing by calling 1–800–533–6413.

---

1. A "deputy" is a representative of the Division of Employment Security whose duties include making investigations and administrative determinations on claims or matters of employer liability. *See* § 288.030.1(10), RSMo 1994.

2. References to statutes are to RSMo 1994, unless otherwise stated.

3. An "appeals tribunal" is "a referee or a body consisting of three referees appointed to conduct hearings and make decisions on appeals from administrative determinations, petitions for reassessment, and claims referred pursuant to subsection 2 of section 288.070." § 288.030.1(1).

4. § 288.210, RSMo Supp.1995, prescribes the scope of appellate review applicable in this case. The pertinent part of the statute states:
   ... The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
   (1) That the commission acted without or in excess of its powers;
   (2) That the decision was procured by fraud;
   (3) That the facts found by the commission do not support the award; or
   (4) That there was no sufficient competent evidence in the record to warrant the making of the award.
   .    .    .    .    .

Date of Mailing 08–01–95

TO GIVE TELEPHONE NUMBER FOR HEARING ONLY CALL: 1–800– 533–6413

FOR INQUIRIES ABOUT YOUR APPEAL WRITE OR CALL:

Division of Employment Security

Attention: Appeals Section

P.O. Box 59

Jefferson City, Missouri 65104–0059

Telephone No. 314–751–3913

Fax: 314–751–5620

At the start of the appeals hearing, the referee announced:

This is Appeal No. 95–14869 a claim by the Claimant, Vernon Gunter, for benefits under the Missouri Employment Security Laws. The employer, Brawley and Flowers, Incorporated, is an interested party. This hearing is being held by means of a telephone conference call originating from the Employment Security Office Building located in Jefferson City, Missouri, on the 11th day of August, 1995, with a docket time of 9:15 in the morning. The time is now approximately 9:35. At 9:15 the employer had not provided a phone number for the hearing. I contacted the Claimant, informed him of the 15 minute wait rule. The employer still did not provide a phone number and the hearing began at 9:30. The Claimant participates. The employer makes no appearance.

The referee then summarized the manner in which the claim had progressed and the applicable law. He asked Mr. Gunter if he was ready to proceed. Mr. Gunter answered, "Yes."

After being sworn to answer questions, Mr. Gunter testified. He was questioned in detail and at considerable length by the referee. The referee concluded by asking Mr. Gunter if there was anything further he wanted to tell about what happened with his work separation. Mr. Gunter answered, "No."

The referee told Mr. Gunter he would write an opinion as soon as possible and that the opinion would be mailed from Jefferson City. He announced that the hearing was concluded and the hearing record was closed. The decision of the appeals tribunal was dated August 16, 1995. It states it was mailed that date.

Employer's application for review by the Commission asked that the decision of the appeals tribunal be reversed; that the "record" be reopened and additional evidence taken. Alternatively, the application requested the Commission to remand the case to the appeals tribunal with directions to reopen the case and take additional evidence from Employer.

■ In processing unemployment compensation claims, the appeals tribunal's responsibility is to render decisions after affording parties a reasonable opportunity for a fair hearing. § 288.190.3. This requires reasonable and substantial compliance with principles of due process of law. *Jones v. State Dept. of Public Health and Welfare*, 354 S.W.2d 37, 40 (Mo.App.1962).

■ Due process is provided by affording parties to an administrative proceeding the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* It requires that a litigant have knowledge of the claims of his or her opponent, have a full opportunity to be heard, and to defend, enforce and protect his or her rights. *In re S___ M___ W___*, 485 S.W.2d 158, 163 (Mo.App.1972).

■ Employer was sent a copy of Claimant's notice of appeal. It stated Claimant's challenge to the deputy's determination that Claimant left work voluntarily. Claimant asserted he had been terminated; that he did not quit work voluntarily.

Employer was mailed a copy of the Notice of Telephone Hearing on August 1, 1995, notifying it that the appeal would be heard by means of telephone conference at 9:15 a.m. August 11, 1995. The notice stated that each party had responsibility to provide a phone number where they could be reached. It gave a toll free telephone number for them to call to report their phone numbers. The statement that the parties were responsible for providing telephone numbers was in capital letters.

The referee delayed the start of the telephone hearing 15 minutes for the obvious purpose of affording Employer time in which to contact the appeals tribunal. Employer does not contend it responded to the notice as instructed either before the scheduled time for the hearing or at the scheduled time.

Employer failed to follow clearly stated directions that would have enabled it to present evidence and otherwise defend against the claim. It is not in a position to say it was denied reasonable opportunity for a fair hearing. Employer was not denied due process.

Although the foregoing is sufficient to dispose of Point I, other matters relative to procedures applicable to unemployment compensation cases warrant comment. Title 8 of Missouri's Code of State Regulations (CSR) contains regulations of the Department of Labor & Industrial Relations. It includes regulations applicable to appeals within the Division of Employment Security. 8 CSR 10–5.040 regulates orders of the appeals tribunal.

■■■ 8 CSR 10–5.040(2)(B) and (E) permit an interested party who failed to appear and received an adverse decision to make a written request to the appeals tribunal for the decision to be set aside. The granting of the request and the setting aside of the decision must occur within 15 days of the entry of the decision. If the request is granted the appeal is reset for hearing.

Upon rehearing, a threshold issue is whether the interested party who was absent at the first hearing had good cause for failing to appear. 8 CSR 5.040(2)(C). If good cause is not found, the original order is reinstated. *Id.* If good cause is found, the appeals tribunal rules on the merits. *Id.*

In this case, Employer sought no further relief from the appeals tribunal. Employer filed its Application for Review of Decision of Appeals Tribunal with the Commission as permitted by § 288.200. The application states that the action that is the subject of the appeal arose from a claim for compensation filed by Mr. Gunter; that Employer contested the claim. It continues:

. . . . .

2. The Claimant appealed this decision and the matter was set for a telephone hearing on August 11, 1995. Employer's duly authorized representative, David Brawley, notified the Appeals Tribunal that he wanted to participate in this telephone hearing and left his telephone number with that office for that purpose.

3. David Brawley was available by telephone on the date and time the telephone hearing was scheduled; however, he was not contacted by the Appeals Tribunal and was not allowed to participate in the telephone hearing through no fault of his own or that of the Employer.

4. Had the Employer been allowed to participate in the telephone hearing in this matter, it would have been able to provide probative evidence in support of the decision of the deputy that the Claimant left his job voluntarily without good cause attributable to the work or the Employer so that he was not entitled to unemployment benefits.

. . . . .

■■■ The allegations in paragraphs 2, 3 and 4 concerning the availability of Employer's representative and notification he gave the appeals tribunal are not supported by the record. They are allegations in a pleading. Pleadings are not self-proving. *Danner v. Director of Revenue,* 919 S.W.2d 285, 287 (Mo.App.1996). Matters dehors the record are not considered in the course of appellate review. *Cox v. Crider,* 721 S.W.2d 220, 225 (Mo.App.1986); *Browning–Ferris Ind. of Kansas City, Inc. v. Dance,* 671 S.W.2d 801, 807 (Mo.App.1984).

This court finds no error by the Commission in its failure to grant the relief sought by Employer's Application for Review of Decision of Appeals Tribunal. The Commission did not act without or in excess of its powers. Point I is denied.

Point II asserts the Commission erred in not reversing the decision of the appeals tribunal because "there was no sufficient competent evidence in the record to warrant the making of the Commission's award."

■ The findings of the Commission as to facts, if supported by competent and substantial evidence and in the absence of fraud, are conclusive. § 288.210, RSMo Supp.1995. This court reviews the evidence in a light most favorable to the findings and decision of the Commission and all reasonable inferences therefrom disregarding all opposing and unfavorable evidence. *Pulitzer Pub. Co. v. Labor & Industrial Relations Comm'n*, 596 S.W.2d 413, 417 (Mo. banc 1980).

■ Vernon Gunter had been employed for three years. He testified that his supervisor told him, "I hate to be the one to tell you this but after this week you're out of here." When he left work that day he told the supervisor he would see him around. The supervisor responded by raising his eyebrows and shaking his head. This occurred on the last day of a work week.

■ Mr. Gunter's supervisor's statement and surrounding circumstances, as related by Mr. Gunter's testimony, create a reasonable inference that Employer discharged him. The Commission is free to believe or discount the self-serving testimony of any witness. *Burns v. Labor & Industrial Relations Comm'n*, 845 S.W.2d 553, 556 (Mo. banc 1993).

Employer nevertheless argues that the testimony of Mr. Gunter concerning what his supervisor told him was hearsay; that, for that reason, it is not competent and substantial evidence sufficient to support a finding of fact by an administrative agency.

8 CSR 10–5.015 addresses appeal hearings and procedures. It includes the provision:

The hearing need not be conducted according to the common law or statutory rules of evidence or the technical rules of procedure. Irrelevant, immaterial, privileged or unduly repetitious evidence shall be excluded, but all other evidence of a type commonly relied upon by reasonable persons in the conduct of their affairs shall be admissible, whether or not that evidence would be admissible in a trial in the courts of Missouri. A party or his/her attorney may advise the appeals tribunal of a defect in the character of any evidence introduced by voicing an objection. The appeals tribunal shall rule on the admissibility of all evidence to which an objection is made. *Any evidence received without objection which has probative value shall be considered by the appeals tribunal along with other evidence in the case; ....*

8 CSR 10–5.015(11)(B)4 [emphasis added]. *See also, Mills v. Federal Soldiers Home*, 549 S.W.2d 862, 867 (Mo. banc 1977).

■ Further, the statement Mr. Gunter testified about was made by his supervisor, an employee of Employer. A statement by an employee may be received in evidence as an admission by a party where the employer is party to litigation and the statement is relevant to the issues involved, provided the employee, in making the admission, was acting within the scope of his authority. *Bynote v. National Super Markets, Inc.*, 891 S.W.2d 117, 124 (Mo. banc 1995).

The evidence was sufficient to support the Commission's finding that Mr. Gunter was discharged. Point II is denied. The decision is affirmed.

CROW, P.J., and SHRUM, J., concur.

ON MOTION FOR REHEARING

PER CURIAM.

In its motion for rehearing, Employer questions the statement in this court's opinion, "Employer does not contend it responded to the notice as instructed either before the scheduled time for the hearing or at the scheduled time." Employer suggests this court ignored the allegation in its application for review that Employer's representative notified the appeals tribunal that Employer wanted to participate in the telephone hearing and left a telephone number for that purpose.

Employer's pleading does not allege it responded to the notice in the manner the notice directed, *viz.*, by providing a "telephone number for the hearing by calling 1–800–533–6413." Employer's pleading does not allege Employer complied with the directive to contact the appeals tribunal at the 1–800 number. The record does not reveal

that it did so. Employer's motion for rehearing is denied.