**John P. O'CONNOR,
Claimant/Respondent,**

v.

**BONZAI EXPRESS OF ST. LOUIS,
d/b/a Crazy Bowls & Wraps,
Employer/Appellant,**

and

**Division of Employment Security,
Respondent.**

**No. ED 81958.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 15, 2003.

Jane Cohen, St. Louis, MO, for Appellant.

Larry R. Ruhmann, St. Louis, MO, for Respondent.

MARY K. HOFF, Judge.

Bonzai Express of St. Louis, Inc. d/b/a Crazy Bowls and Wraps (CBW) appeals from the decision of the Labor and Industrial Relations Commission (Commission) in favor of John P. O'Connor (O'Connor). We reverse and remand.

O'Connor was employed by CBW as an hourly manager in one if its restaurants. On February 21, 2002, O'Connor failed to report to work. O'Connor subsequently filed for unemployment benefits and a deputy for the Missouri Division of Employment Security (MDES) determined that O'Connor was disqualified from receiving unemployment benefits because he left work at CBW voluntarily and without good cause attributable to the work or to CBW on February 19, 2002. O'Connor appealed the denial of benefits and his appeal hearing was set for telephone conference on April 30, 2002, to determine whether O'Connor left work at CBW voluntarily without good cause attributable to work or was discharged for misconduct connected with the work. On the date of the hearing, the Appeals Referee dismissed the appeal because O'Connor failed to provide MDES with a telephone number where he could be reached in order to participate in the hearing.

O'Connor requested reconsideration of the dismissal by letter, claiming he did not receive the letter from MDES explaining the procedure for participating in the appeal hearing because he was moving. The Appeals Referee granted O'Connor's request for reconsideration, set aside the order dismissing O'Connor's appeal, and reset the appeal for hearing on June 11, 2002, to consider whether O'Connor had good cause for failing to participate in the prior setting and to take evidence on the merits of the case. On that date, both O'Connor and Keith Kitsis (Kitsis), CBW's president, were present for the telephone hearing. The hearing proceeded until the Appeals Referee continued the hearing due to insufficient time. At that point O'Connor had finished presenting his evidence but Kitsis had not yet cross-examined O'Connor or presented CBW's evidence. MDES sent notice to both parties continuing the telephone hearing to August 5, 2002, at 10:45 a.m. As instructed, both parties furnished MDES with a telephone number where they could be reached for the continuation of the hearing.

On August 5, 2002, at 10:45 a.m., Kitsis was standing by at the phone number supplied to the Appeals Referee so he could participate in the continuation of the hearing, but no call came. At 11:10 a.m. Kitsis called MDES and spoke with Sal Alatorre (Alatorre), a MDES supervisor, who informed him that MDES had been unable to get through on Kitsis's phone line. Alatorre advised Kitsis that the hearing had proceeded without CBW's participation. According to the notes of the Appeals Referee and the transcript, repeated attempts to reach CBW by phone were unsuccessful and the referee received a taped message that the phone calls could not be completed as dialed. The Appeals Referee determined that CBW did not furnish a working telephone number to MDES in order to participate in the hearing, and took no further evidence. The Appeals Referee then decided that O'Connor "did not fail without good cause to participate with respect to the telephone hearing setting ... on April 30, 2002" and reversed the prior decision that O'Connor was discharged for misconduct connected with his work.

CBW sought the Commission's reconsideration of the Appeals Tribunal's decision by letter and motion to remand in order that CBW could present its evidence. The letter and motion were sent to the Commission by facsimile and first class mail on September 24, 2002. On September 25, 2002, the Commission issued an order affirming the decision of the Appeals Tribunal. In a letter dated, September 26, 2002, the secretary of the Commission stated that the Commission had received the letter and motion to remand and would consider such as a request for reconsideration. The letter concluded that "[a]fter reviewing the request, the Commission has decided to deny reconsideration." CBW appeals.

CBW raises three points on appeal. First, CBW claims the Commission acted in excess of its authority by refusing to remand the case to the Appeals Tribunal with directions to reschedule the hearing where it appeared that CBW was prevented from participating in the August 5, 2002 hearing due to land based telephone difficulties. Second, CBW asserts the Commission acted in excess of its authority by affirming the decision of the Appeals Tribunal after the Appeals Tribunal refused to reschedule the hearing in contravention of the Commission's own regulations, thereby unreasonably denying CBW the right to participate in the hearing. Finally, CBW alleges the Commission acted in excess of its authority by refusing to, at the very least, remand the case to the Appeals Tribunal with instructions to hold a hearing to determine whether CBW had good cause for failing to appear at the hearing on August 5, 2002, due to circumstances beyond its reasonable control.

■ Our review of decisions of the Commission in employment security matters is confined to questions of law. Section 288.210 RSMo 2000.[1] On review this Court may modify, reverse, remand for rehearing, or set aside the decision of the Commission for the following reasons: (1) the Commission acted without or in excess of its authority; (2) the decision was procured by fraud; (3) the facts of the Commission do not support the award; and (4) there was no sufficient competent evidence in the record to warrant the making of the award. Section 288.210.

■ In processing unemployment compensation claims, it is the responsibility of the Appeals Tribunal to render decisions only after affording the parties a reasonable opportunity for a fair hearing. Section 288.190.3. "This requires reasonable

---

1. All subsequent statutory citations are to RSMo 2000, unless otherwise stated.

and substantial compliance with principles of due process of law." *Brawley & Flowers, Inc. v. Gunter,* 934 S.W.2d 557, 560 (Mo.App. S.D.1996). Due process requires affording parties to an administrative proceeding the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* "It requires that a litigant ... have a full opportunity to be heard, and to defend, enforce and protect his or her rights." *Id.* 8 CSR 10–5.030(2)(C) (2002) provides in pertinent part that "[i]f a hearing officer is unable to contact a party who has provided a number to participate as scheduled by telephone due to land based telephone technical difficulties, the hearing shall not be dismissed but must be rescheduled."

MDES has filed a motion to remand with this Court conceding error in denying CBW's request for reconsideration. In its motion, MDES explained that

> [u]pon further review of the circumstances concerning the telephone situation at the time of the continued hearing on August 5, 2002, it now appears to [MDES] that in this particular instance, the failure of the referee to contact [Kitsis], the employer's witness, at the telephone number previously provided to the Appeals Tribunal ... was the result of communication problems generated by the telephone line being used by the Appeals Tribunal on the day of the hearing.

Accordingly, we reverse the decision of the Commission and remand the case for further hearing.[2]

ROBERT G. DOWD, JR., Presiding Judge and GEORGE W. DRAPER III, Judge, Concur.

---

2. MDES's motion to remand the case is here-