David **WEINBAUM**, Employer–Appellant,

v.

Debbie **CHICK**, Claimant–Respondent,

and

**Division of Employment Security,** Respondent.

No. 28036.

Missouri Court of Appeals, Southern District, Division Two.

May 29, 2007.

Charles P. Todt, Tonya D. Page and Gail S. Zarosa, The Todt Law Firm, P.C., St. Louis, for Appellant.

Larry R. Ruhmann, Jefferson City, for Respondent Division of Employment Security.

PHILLIP R. GARRISON, Judge.

David Weinbaum ("Appellant") appeals from the Labor and Industrial Relations Commission's (the "Commission") order adopting the decision of the Appeals Tribunal (the "Tribunal"), which had determined that Debbie Chick ("Claimant") was eligible for unemployment benefits, because she quit her employment for good cause. Appellant argues that the Commission should not have affirmed the decision of the Tribunal, because the Tribunal erred in: (1) not hearing the testimony of one of Appellant's witnesses; and (2) in finding that Claimant had "good cause" for quitting her employment. We reverse and remand.

For sixteen years, Claimant worked at McDonald's franchises owned by Appellant. On July 28, 2005, Claimant was injured on the job, but was eventually released back to work by her doctor, with the restriction that she work no more than seven hours a day, five days per week. By April of 2006, Claimant was the general manager of a franchise in St. James, Missouri. From the time she returned to work through April of 2006, Claimant would receive calls at home from employees of the restaurant telling her that she needed to come in and address various problems. Evidenced by Claimant's time sheets, this extra duty caused Claimant to exceed her medical restrictions in terms of hours or days worked.

At some point, Claimant informed the office manager that she was working more than thirty-five hours a week, which exceeded her medical restrictions, but she was not offered any guidance, other than the office manager's recognition of the situation. On April 22, 2006, Claimant approached her supervisor, Barb Dillon ("Dillon") informing her that she was currently exceeding her medical restrictions. Dillon responded by telling Claimant that

she was expected to work whenever she was needed. Claimant felt that Dillon was instructing her to violate her medical restrictions, so she gave two weeks notice and submitted her written resignation. On April 24, 2006, Claimant was told to go home without serving her two weeks' notice period.

On May 4, 2006, Claimant filed a claim with the Division of Employment Security (the "Division") seeking unemployment benefits. A deputy with the Division initially determined that Claimant was disqualified from receiving benefits because she "left work ... voluntarily without good cause attributable to her work or employer[.]" Claimant appealed the deputy's determination to the Tribunal, and after a hearing, the Tribunal reversed the deputy's determination, concluding that Claimant was not disqualified from receiving benefits, because she had good cause to quit her employment. Appellant then filed an application for review with the Commission, which affirmed the decision of the Tribunal, adopting the Tribunal's decision as its own. This appeal followed.

█ Our review of the Commission's decision in this case is governed by Section 288.210,[1] which provides that a court may reverse, modify, set aside, or remand a decision by the Commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

*Id.* "The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of

fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." *Id.* "We examine the whole record to determine whether there is sufficient competent and substantial evidence to support the award." *Scrivener Oil Co., Inc. v. Division of Employment Sec.*, 184 S.W.3d 635, 638 (Mo.App. S.D. 2006). This standard is not met in cases where the award is contrary to the overwhelming weight of the evidence. *Id.*

█ Appellant brings two points on appeal. In his first point, Appellant argues that he was not afforded due process at the hearing before the Tribunal, because the referee did not allow a witness for Appellant to testify. We agree.

█ In processing unemployment compensation claims, it is the Tribunal's responsibility to afford parties a reasonable opportunity for a fair hearing before rendering a decision. *Brawley & Flowers, Inc. v. Gunter*, 934 S.W.2d 557, 560 (Mo. App. S.D.1996); Section 288.190.3. "This requires reasonable and substantial compliance with principles of due process of law." *Brawley*, 934 S.W.2d at 560. In an administrative proceeding, due process is provided by affording parties the opportunity to be heard in a meaningful manner. *Id.* The parties must have "knowledge of the claims of his or her opponent, have a full opportunity to be heard, and to defend, enforce and protect his or her rights." *Id.*

Section 288.190.2, provides that, "[t]he manner in which disputed determinations, referred claims, and petitions for reassessment shall be presented and the conduct of hearings shall be in accordance with regulations prescribed by the division for determining the rights of the parties, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure." Accordingly, the regulations pre-

---

1. All references to statutes are to RSMo (2000) unless otherwise indicated.

scribed by the Division provide that "each party has the right to call and examine witnesses[.]" 8 CSR 10–5.015(10)(B)(2). The regulations further provide that "[e]vidence is admissible if it is not irrelevant, immaterial, privileged or unduly repetitious." 8 CSR 10–5.015(10)(B)(4).

In the present case, the referee did not allow Audrey Wood ("Wood"), Appellant's director of operations, to testify. The referee asked Dillon, Appellant's representative at the hearing, what Wood would testify to, and Dillon responded that Wood would have information on why Claimant's resignation was accepted early. The referee then asked Dillon if Wood had any other relevant information regarding Claimant's resignation, and Dillon responded that Wood possibly had relevant information regarding why Claimant resigned, but she had not personally questioned her. The referee then related the following:

> [W]e're not going to take her testimony at this time. Number one, it hasn't been shown she knows anything relevant to why [Claimant] resigned. Number two, the fact that the employer accelerated this separation by less than two weeks is of little relevance to my decision. And number three, you've not shown her testimony would not just be repetitive.

■ The referee's relevancy determination regarding Wood's testimony was based solely upon questions asked of Dillon. Dillon stated that Wood possibly had relevant information regarding why Claimant resigned, but she had not personally questioned her. Rather than questioning

Wood to determine whether she had relevant information, the referee simply disallowed her testimony. In doing so, Appellant was denied a full opportunity to be heard on the matter.[2] Because Appellant was not provided a reasonable opportunity for a fair hearing, the Commission exceeded its authority in affirming the determination of the Tribunal.

In its brief filed on behalf of Claimant, the Division relates that, "even though the Division feels that the record was properly developed in this case, the Division has no objection to the Court remanding this matter for additional evidence[.]" Accordingly, we reverse the decision of the Commission and remand the case for further hearing. *See O'Connor v. Bonzai Express of St. Louis,* 103 S.W.3d 882, 885 (Mo.App. E.D.2003). Appellant's first point is well taken.

Because we are remanding this case for the taking of additional evidence, we need not address Appellant's second point which challenges the Tribunal's determination that Claimant had good cause to quit her employment, and, therefore, was not disqualified from receiving unemployment benefits.

The order of the Commission is reversed, and this case is remanded to allow Appellant's witness, Wood, the opportunity to testify.

BARNEY. J, and LYNCH, J., concur.

---

2. We note that Dillon, Appellant's representative at the hearing, made no offer of proof with respect to the content of Wood's testimony. However, Section 288.190.2 does not require that the conduct of the hearings "conform to common law or statutory rules of evidence and other technical rules of procedure," but allows for the Division to prescribe regulations for the conduct of the hearings. Given the somewhat informal nature in which hearings before the Tribunal are conducted (often by phone and without legal counsel), we will not impose a requirement that an offer of proof be made, where such a requirement has not been imposed by regulation.