Lisa TUCKER, Claimant–Appellant,

v.

UNITED HEALTHCARE SERVICES, INC., and Division of Employment Security, Respondents–Respondents.

No. 28185.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 6, 2007.

Lisa Tucker, pro se.

Ninion S. Riley, Jefferson City, for Respondent Division of Employment Security.

PHILLIP R. GARRISON, Judge.

This is an appeal from the decision of the Labor and Industrial Relations Commission ("the Commission") disqualifying Lisa Tucker ("Appellant") from receiving unemployment benefits. Appellant contends that the Commission erred in denying her those benefits on the ground that she voluntarily left her employment without good cause.

Our review of a Commission decision is governed by Section 288.210.[1] That section provides that "[t]he findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." Section 288.210. The whole record is examined to determine whether sufficient competent and substantial evidence exists to support the award. *Weinbaum v. Chick,* 223 S.W.3d 911, 913 (Mo.App. S.D. 2007). We have applied this standard to the following facts of this case.

Appellant worked for United Health Care Services, Inc., ("United") for approximately six years. Her last position held at United was as a "tracer," which involved entering in her computer social security numbers and processing checks. Appellant's last day of work was January 30, 2006.

Appellant submitted a request for a short-term disability leave of absence under the Family Medical Leave Act ("FMLA") and provided the required medical documentation to her health care provider, United HR Direct ("HR Direct"). Appellant was receiving therapy from a mental health counselor for a health problem allegedly related to work and was told by her counselor that she should not return to work. She was granted a leave from January 30, 2006, thru February 27, 2006. Thereafter, on February 28, 2006, Appellant filed a request for additional FMLA leave along with the necessary medical documentation, and was granted a leave from February 28, 2006, to March 14, 2006. At the end of her second period of leave, Appellant once again requested another extension of her FMLA leave, which was granted until April 4, 2006.

---

**1.** All references to statutes are to RSMo (2000) unless otherwise noted.

After April 4, 2006, Appellant did not return to work or contact United, and no medical documentation was received to extend her leave after April 4, 2006. HR Direct sent a letter, along with the necessary FMLA forms, to Appellant, dated April 27, 2006. The letter informed Appellant that HR Direct had previously sent her a certified letter dated April 14, 2006, that she signed for on April 17, 2006, and that she had until April 21, 2006, to provide H.R. Direct with documentation from her health care professional to support her time away from work. This letter informed Appellant for a second time that she was on an unapproved leave and they were providing her with "one final opportunity" to submit medical documentation necessary to process a request for FMLA leave.

When United did not hear from Appellant, they sent her a final letter, dated May 15, 2006, informing Appellant that she had "been on an unapproved leave of absence since April 4, 2006." Since she had not responded to previous correspondence, United assumed that she no longer wished to be employed by them, and effective May 12, 2006, her employment was terminated.

Appellant filed a claim for benefits on May 19, 2006. A deputy with the Missouri Division of Employment Security ("the Division") determined on June 2, 2006, that Appellant was not disqualified for benefits because she was not discharged for misconduct and that United "failed to provide specific information when given the opportunity." United appealed this decision to the Appeals Tribunal on June 30, 2006. The Appeals Tribunal conducted a hearing and reversed the decision of the deputy, finding that Appellant "voluntarily left her work on April 4, 2006, without good cause

attributable to her work or to her employer." Appellant appealed this decision to the Commission. The Commission affirmed and adopted the decision of the Appeals Tribunal with one member of the Commission disagreeing with the decision and entered a dissenting opinion. Appellant appeals this decision.

█ Appellant, in both the statement of facts and argument sections of her brief, repeatedly cites to materials and documents that are not part of the record. Under Rule 84.04(i),[2] "[a]ll statements of fact and argument shall have specific page references to the legal file or transcript." "Violation of Rule 84.04(i) merits dismissal." *Anderson v. American Family Mut. Ins., Co.*, 173 S.W.3d 356, 359 (Mo.App. W.D.2005).

A review of the record reveals that Appellant did not offer any exhibits to the Appeals Tribunal. Nor did Appellant request that the Commission consider any evidence beyond that which was before the Appeals Tribunal. Appellant did not submit to the Commission the materials she now cites to in her brief; instead she has produced them for the first time on appeal and includes them in the appendix to her brief.

█ This court is prevented from receiving or reviewing matters outside the record. *Daniel v. Indiana Mills Mfg., Inc.*, 103 S.W.3d 302, 319 (Mo.App. S.D. 2003). On appeal, the Commission returns to the court "all documents and papers filed in the matter, together with a transcript of the evidence, the findings and the award, which shall become the record of the cause." Section 288.210. "Upon appeal no additional evidence shall be heard." *Id.* We cannot hear new evidence on ap-

**2.** All references to rules are to Missouri Rules of Civil Procedure (2006) unless otherwise noted.

peal from a decision by the Commission. *Id.* Thus, we are unable to review the evidence Appellant has presented for the first time on appeal. *England v. Regan Marketing, Inc.,* 939 S.W.2d 62, 65 (Mo. App. S.D.1997).

■■■ We note that Appellant was not represented by counsel at any of the prior proceedings and files this appeal pro se. However, pro se appellants are required to conform to the same procedural requirements as those parties represented by counsel. *Mueller v. Division of Employment Sec.,* 85 S.W.3d 776 (Mo.App. W.D. 2002); *Moore v. Swisher Mower & Machine Co., Inc.,* 49 S.W.3d 731, 736 (Mo. App. E.D.2001). This Court cannot grant a pro se appellant preferential treatment. *Brown v. Ameristar Casino Kansas City, Inc.,* 211 S.W.3d 145, 146 (Mo.App. W.D. 2007). "Failure to comply with the rules of appellate procedure is a proper ground for dismissing an appeal." *Id.* As we said in *Bishop v. Metro Restoration Services, Inc.,* 209 S.W.3d 43, 45 (Mo.App. S.D. 2006),

> We cannot and will not penalize Claimant for not utilizing the assistance of an attorney; but likewise, we cannot and will not lend Claimant any assistance in prosecuting her appeal because she is not represented by counsel. This is not a matter of personal preference, but rather the demands placed upon us by our oaths of office, our commitment to uphold the rule of law, and the very nature of the adversarial process which requires fair, impartial and disinterested decision makers. (footnotes omitted).

■■■ By not including specific page references to either the transcript or legal file in much of her argument section, Appellant has failed to preserve those issues for review. *Speer v. K and B Leather Co.,* 150 S.W.3d 387, 389 (Mo.App. S.D.2004). Additionally, because Appellant relies for the most part on evidence outside the record, her statement of facts section does not represent a fair and concise statement of the facts as required by Rule 84.04(c). Appellant's failure to comply with Rule 84.04(c) is an adequate ground for dismissal. *Anderson,* 173 S.W.3d at 358.

Appellant's appeal here fails on other grounds as well. She alleges that the Commission erred in denying her unemployment benefits because she was on approved leave and therefore did not voluntarily quit her job. Section 288.050 sets out the eligibility requirements for unemployment benefits. That section provides that

> 1. Notwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits until after the claimant has earned wages for work insured pursuant to the unemployment compensation laws of any state equal to ten times the claimant's weekly benefit amount if the deputy finds:
>
> (1) That the claimant has left work voluntarily without good cause attributable to such work or to the claimant's employer.

Section 288.050.1(1).

■■■ Appellant argues that she did not leave her work voluntarily because her absence was due to stress caused by her job. "If a claimant quits a job and seeks unemployment compensation benefits alleging medical reasons as good cause for quitting, such claimant must ordinarily adduce expert medical evidence to prove a causal connection between the employee's work and the medical reason relied on." *Smith v. U.S. Postal Service,* 69 S.W.3d 926, 928 (Mo.App. S.D.2002). However, there exists an exception to this requirement when the "causal connection is within

the common knowledge or experience of a layperson." *Id.*

■ Appellant presented no expert medical evidence at the hearing below. When asked by the Appeals Tribunal referee why Appellant did not submit any medical documentation, Appellant's response was that "I didn't know I could." On appeal, Appellant has provided medical documentation and various other information that she did not present to the Appeals Tribunal or to the Commission. As already noted, this Court cannot review additional evidence that is not part of the record. Section 288.210; *Daniel,* 103 S.W.3d at 319. As such, Appellant has failed to present any expert medical evidence demonstrating a causal connection between her illness and her work. Likewise, Appellant presented no evidence to the Appeals Tribunal or the Commission regarding her work environment such that a determination could be made that the causal connection between the work and illness is within the common knowledge or experience of a layperson.

Appellant did not meet her burden on these issues and, therefore, the Commission did not err in denying her claim because she failed to demonstrate that her stress was caused by her work. The judgment is affirmed.

LYNCH, C.J., and BARNEY, J., concur.