The trial court's judgment is affirmed. Rule 30.25(b).

Consuela **HOUCKS**, Appellant,

v.

**AMERICAN FOOD AND VENDING ENTERPRISES, INC.,**
Defendant,

and

**Division of Employment Security,**
Respondent.

**No. WD 67925.**

Missouri Court of Appeals,
Western District.

March 4, 2008.

---

1. Breckenridge, J., was a member of this court at the time the case was argued and submitted. She was subsequently appointed a judge of the Supreme Court of Missouri but has been reassigned to this court as a special judge for the purpose of disposition of this case.

Consuela Houcks, Independence, pro se.

Shelly Kintzel, Office of Atty. Gen., for respondent.

PAUL M. SPINDEN, Presiding Judge.

Consuela Houcks appeals the Labor and Industrial Relations Commission's decision that she is not eligible for unemployment benefits because she voluntarily left her job with American Food and Vending Enterprises, Inc., without good cause attributable to the work or to the employer. We affirm the commission's decision.

During September 2006, Houcks was a food service manager for American Food and Vending at the Broadway Cafe at 3440 Broadway in Kansas City. According to Houcks, on September 26, 2006, Bill Pellien, American Food and Vending's regional vice—president, and Cheri Jenkins, American Food and Vending's assistant director, told her that she no longer had a job because a customer had complained that she was out of the building and was not tending the cafe during business hours.[1] At the end of the conversation, she said, Pellien and Jenkins took Houcks' work badge from her.

Pellien denied that he and Jenkins told Houcks that she no longer had a job, and he denied that they took her work badge. Pellien contended that he told Houcks that he was bringing in a new manager for the Broadway Cafe and that Houcks was being transferred to another of American Food and Vending's enterprises at 4500 Main in Kansas City.

Houcks did not report to work again after September 26, 2006. Houcks denied that Pellien and Jenkins told her that American Food and Vending was transferring her and assured the hearing examiner that had she known of the transfer she would have accepted it. Houcks contended that she did not report to work again because she believed that Pellien and Jenkins had discharged her.

Houcks filed a claim for unemployment benefits. One of the Division of Employment Security's deputies determined that Houcks was disqualified from receiving benefits because she voluntarily quit her job without good cause attributable to her work or her employer. The deputy found that Houcks quit because she believed that she was discharged, but no one in authority at American Food and Vending had told her she was. Houcks appealed the deputy's decision to the division's Appeals Tribunal. A tribunal referee affirmed the deputy's determination and found that Houcks voluntarily quit her work without good cause attributable to her work or to her employer. Houcks appealed the referee's decision to the commission, which affirmed and adopted the referee's decision.

■ In appealing the commission's decision, Houcks first claims that the referee denied her right to due process because the referee did not allow one of her witnesses to testify. Houcks wanted to call one of her former co—workers. Houcks believed that the co—worker had overheard her conversation with Pellien and Jenkins and possibly could verify that she was discharged. Although American Food and Vending did not object to the witness's testimony, the referee, *sua sponte*, challenged Houcks' decision to call her.[2] The referee said, "It ... appears that [the

---

1. She acknowledged during the hearing that she had stepped outside to smoke a cigarette.

2. We are troubled by the referee's turning away a witness who may have aided her in resolving the central issue in this case—credibility—especially given the referee's inability at the end to decide whether Houcks or Pellien was telling the truth.

witness's] testimony at this point would be unduly repetitious of what you've already been able to testify to."

Houcks' point has merit. This court's Southern District declared, in reviewing a markedly similar incident, that the division deprived a party "a full opportunity to be heard on the matter" when it rejected a witness's testimony based only a party's characterization of what the testimony would be. *Weinbaum v. Chick*, 223 S.W.3d 911, 914 (2007).

Houcks, however, waived the issue by not raising it at the proper time. She did not raise it in her appeal to the commission. We may address only issues that the parties put to the commission. *Chase v. Baumann Property Company*, 169 S.W.3d 891, 892 (Mo.App.2005). Because the referee's failure to call Houcks' witness was not an issue before the commission, we cannot review it.

 Houcks next asserts that the commission erred when it found that she did not meet her burden of proving eligibility for benefits. To qualify for unemployment compensation, an employee who has left her job must show that she had good cause for leaving attributable to her work or to her employer. Section 288.050.1(1), RSMo Supp.2005. Houcks claims that she proved that American discharged her—that she did not quit voluntarily.

The commission faced opposing versions of the facts. Houcks said she was fired. Pellien said she quit. The commission threw up its hands and declined to decide the crucial credibility issue and declared that the parties were equally credible. The commission said that it was "unable to find anything on the record to support the conclusion that either party is more persuasive than the other as to whether [Houcks] quit or was discharged." By declining to resolve this issue, the commission doomed Houcks's case.

When the commission finds the parties to be equally credible on the issue of whether or not the claimant quit or was discharged, it has, in effect, declared that the claimant did not satisfy her burden of proof. *Kansas City Club v. Labor and Industrial Relations Commission*, 840 S.W.2d 273, 275 (Mo.App.1992). When a party fails to satisfy her burden of proof, the commission's only option is to deny her claim. The commission, therefore, was correct in concluding that Houcks was not entitled to unemployment benefits.

JAMES M. SMART, JR., Judge, and JOSEPH M. ELLIS, Judge, concur.