

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| CEDRIC A. JACKSON, | ) | No. ED112938 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TRUE MANUFACTURING CO., | ) | Appeal from The Labor and Industrial |
| | ) | Relations Commission |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY | ) | |
| | ) | |
| Respondent. | ) | Filed: May 6, 2025 |

Before Lisa P. Page, P.J., Rebeca Navarro-McKelvey, J., and Virginia W. Lay, J.

True Manufacturing Co., Inc. (Employer) appeals from the decision of the Labor and Industrial Relations Commission (Commission) finding Cedric A. Jackson (Claimant) was not disqualified from receiving benefits because he was not discharged for misconduct connected with his work. We reverse.

## BACKGROUND

Claimant began working for Employer in October 2023. On February 8, 2024, an incident was reported by two team members alleging they witnessed Claimant give a co-worker (Co-Worker) a small, clear baggie. They observed Co-Worker put the baggie in his pocket. A representative from human resources (Representative) investigated the incident and spoke with

Co-Worker. Initially, Co-Worker said Claimant did give him a small baggie but he did not look at it before putting it in his pocket and did not know what was in it. Co-Worker emptied his pockets but did not have the baggie. Representative asked to search Co-Worker's belongings, and he admitted Claimant had handed him a baggie of marijuana. He gave the bag to Representative. Claimant denied giving or selling Co-Worker marijuana. He claimed he gave Co-Worker candy, but Representative's investigation did not reveal Co-Worker possessed a clear baggie of candy, just one containing marijuana.

Claimant filed a claim for unemployment benefits, which Employer protested. A deputy for the Division of Employment Security (Division) determined he was not disqualified from receiving benefits because his discharge was not for misconduct connected with his work. Employer appealed, and following a telephone hearing, the Appeals Tribunal issued a decision affirming the deputy's determination. Employer filed a timely application for review with the Commission, which affirmed and adopted the decision of the Appeals Tribunal. This appeal follows.

**DISCUSSION**

In its first point on appeal, Employer contends the Commission erred in concluding Claimant was not discharged for misconduct connected with work because the competent evidence showed he brought marijuana onto Employer's property in clear violation of the company's drug and alcohol policy, meeting the statutory definition of misconduct under Section 288.030.1(23)(e) RSMo (2016).[1] In its second point, Employer argues the Commission acted in excess of its powers by failing to provide a fair and impartial hearing. Our review of Employer's second point is dispositive, and therefore, we do not consider point one.

---

[1] All further statutory references are to RSMo (2016).

*Standard of Review*

We review the decision of the Commission pursuant to Section 288.210. Accordingly, we may modify, reverse, remand, or set aside the Commission's decision only on the grounds that the Commission acted without or in excess of its power, the decision was procured by fraud, the facts found by the Commission do not support its decision, or there was no sufficient competent evidence in the record to support the decision. *Id.* We review the Commission's decision, and not that of the Appeals Tribunal; however, where, as here, the Commission adopts the decision of the Appeals Tribunal as its own, we necessarily must review those findings. *Hubbell Mech. Supply Co. v. Lindley*, 351 S.W.3d 799, 807 (Mo. App. S.D. 2011) (internal citations omitted).

The Appeals Tribunal is required to render a decision after a reasonable opportunity for a fair hearing and acts in excess of its authority when it fails to do so. Section 288.190.3; *Weinbaum v. Chick*, 223 S.W.3d 911, 914 (Mo. App. S.D. 2007); *see also O'Connor v. Bonzai Express of St. Louis*, 103 S.W.3d 882, 884 (Mo. App. E.D. 2003). Therefore, the Appeals Tribunal must comply with the principles of due process, including to afford the parties to the administrative proceeding the right to be fully heard, and to defend, enforce, and protect their rights. *Weinbaum*, 223 S.W.3d at 913 (internal quotations omitted).

*Analysis*

The "technical rules of evidence" do not control unemployment compensation hearings, but each party is entitled to a fair hearing. *Scrivener Oil Co., Inc. v. Crider*, 304 S.W.3d 261, 272, 276 (Mo. App. S.D. 2010) (internal quotations omitted). Section 288.190.2 refers to regulations prescribed by the Division to govern the manner in which disputed determinations shall be presented and how hearings are to be conducted. The Missouri Code of State

3

Regulations, specifically 8 CSR 10-5.015(10)(B)(4) (2024), addresses hearings accordingly and the evidence allowed in those proceedings as follows:

> The hearing need not be conducted according to the common law or statutory rules of evidence or the technical rules of procedure. Hearsay evidence is generally admissible. Evidence is admissible if it is not irrelevant, immaterial, privileged or unduly repetitious. Hearsay which is ***timely objected to*** shall not constitute competent evidence which, by itself, will support a finding of fact. A party or his/her attorney may advise the hearing officer of a defect in the character of any evidence introduced by voicing an objection. The hearing officer shall rule on the admissibility of all evidence. Any evidence received without objection which has probative value ***shall be considered*** by the hearing officer . . . . (emphasis added).

As a result, if the only evidence of misconduct is hearsay, it must be "***timely objected to,***" or its probative value "***shall be considered.***" *Jenkins v. George Gipson Enterprises, LLC*, 326 S.W.3d 839, 842 (Mo. App. E.D. 2010) (citing *Hill v. Norton & Young, Inc.*, 305 S.W.3d 491, 495 (Mo. App. E.D. 2010) and 8 CSR 10-5.015(10)(B)(4)) (emphasis added).

Claimant made two objections during the hearing. The first was when Referee sought admission of Division's Exhibit 1 and Claimant objected to it as not being "accurate." His objection was overruled and the Referee admitted Exhibit 1 as a business record of the Division. Employer then called Representative to testify regarding the incident resulting in Claimant's discharge. Claimant's second and only subsequent objection was at the beginning of this testimony. The following exchange occurred:

REFEREE: For what was he discharged?

REPRESENTATIVE: Uh, for, uh, possessing drugs on the premises, uh, and providing drugs to fellow employees, uh, and being dishonest about that situation.

CLAIMANT: ***I object*** that [sic].

REFEREE: You can't object to that, sir.

CLAIMANT: He's actually speaking on my character, ma'am. I can't allow him to speak on my character of passing any pro – any type of pro – per me – any type

4

of marijuana that he's stating on my character. So I really gonna have to object what he's saying. That is not true.

REFEREE: *Your objection is overruled*. And speaking of somebody's character is not something you can object over. Uh, uh, objection goes to the weight of the evidence.

CLAIMANT: I do apologize for cutting you off, but that's what I was fired for. I was fired with his statement saying that I felt like that, uh, I was being dishonest.

REFEREE: Sir. Sir, I understand. The Employer can fire somebody for anything they want, sir.

CLAIMANT: And I get that as well. I do absolutely understand . . .

REFEREE: Sir, sir, sir, sir please, you will have a chance to testify after the Employer puts on their case. You will have a chance to ask the witnesses questions. You will have a chance to testify and tell me everything you would like to say about this separation but – and *you have a legal right to make an objection, but you canot [sic] simply interrupt with all kinds of objections. Objection has to do with whether it's relevant or, um, a hearsay or something like that, but disagreeing is not grounds for an objection.* So, hold on to your thoughts and we – you will have plenty opportunity to put everything on the record. Okay? (emphasis added).

After Claimant's objection was overruled, Representative continued with his hearsay testimony. He described his conversations with Co-Worker, Claimant, the witnesses, and other employees. On rebuttal, Employer presented more hearsay evidence, specifically regarding Representative's conversation with Co-Worker. He stated Co-Worker did not say Claimant gave him any candy, nor did Co-Worker produce any candy or wrappers. The only baggie in his possession contained marijuana. Claimant did not object to either direct or rebuttal testimony. In fact, after his two initial objections, which were overruled, Claimant did not object again on any basis.

We find it significant that Claimant demonstrated his ability to voice an objection and was admonished by Referee concerning the propriety of his objection, which merely claimed the

5

statements were false assertions against his character.  Referee further advised Claimant to object to evidence as hearsay.  But he did not do so throughout the rest of the hearing.

After Referee clearly overruled Claimant's objection to Representative's testimony and proceeded to hear Employer's case, the Appeals Tribunal inexplicably made the following conclusion of law:

> The employer has not met its burden of proof.  The only competent evidence presented was from the claimant.  He testified he did not possess drugs or give drugs to a coworker.  ***The employer's testimony to the contrary is hearsay.*** (emphasis added).

Thus, the Appeals Tribunal held, as adopted by the Commission, that Claimant was not discharged for misconduct connected with work.

We hold this is error because there was no timely objection to Representative's testimony as hearsay.  Without just such an objection, Employer's otherwise relevant and material probative evidence "shall be considered by the hearing officer . . . ."  8 CSR 10-5.015(10)(B)(4).  Let this court be absolutely clear, the Referee erred by changing her ruling on Claimant's objection at the hearing which allowed Employer's hearsay testimony that was otherwise relevant and admissible.  Claimant could have made a timely hearsay objection, as he was so advised by the Referee upon overruling his improper objection, at any time.

Here, the Appeals Tribunal concluded that although Claimant did not object to the evidence as hearsay, by denying Employer's hearsay allegations, "the claimant was objecting to the hearsay evidence."  We agree under certain circumstances, it is possible to infer an objection to testimony as hearsay from an unrepresented claimant's statements where none is made,[2] but

---

[2] Parties to an administrative proceeding should be mindful that if timely objected to, hearsay "shall not constitute competent evidence which, by itself, will support a finding of fact," especially when an unrepresented claimant's objection may be inferred.  8 CSR 10-5.015(10)(B)(4).

that is not the case in this matter. *See Hill*, 305 S.W.3d at 495; *Jenkins*, 326 S.W.3d at 843; and *Koenen v. BRG Liberty, LLC*, 647 S.W.3d 47, 62 (Mo. App. E.D. 2022). Here, Referee considered Claimant's objection and unequivocally stated: "Your objection is overruled." Employer then relied on Referee's ruling and proceeded with hearsay testimony, ultimately to its detriment as demonstrated by the legal conclusions adopted by the Commission. This conduct failed to afford Employer the right to be fully heard, and to defend, enforce, and protect their rights. *Weinbaum*, 223 S.W.3d at 913 (internal quotations omitted).

If the Commission had properly considered Employer's evidence as permissible hearsay, then it would have been free to resolve the conflicting evidence presented at the hearing and believe Claimant's contention that he was simply giving a Co-Worker candy. *Hubbell Mech. Supply Co.*, 351 S.W.3d at 812. However, in light of the record before us, the Commission's decision to ultimately affirm the Referee's decision to overrule Claimant's objections at the hearing and then subsequently rule that Employer's hearsay evidence did not constitute competent evidence of misconduct failed to afford Employer a fair hearing and, as such, was in excess of its powers. *See Justice-Mall, LLC v. Boland*, 508 S.W.3d 153, 158 (Mo. App. S.D. 2016); *Weinbaum*, 223 S.W.3d at 914; *O'Connor*, 103 S.W.3d at 885. Thus, the Commission erred, and the decision must be reversed. Employer's point two is granted.

## CONCLUSION

The Commission's decision is reversed.

_____
Lisa P. Page, Presiding Judge

Rebeca Navarro-McKelvey, J., and
Virginia W. Lay, J., concur.

7